J-A13015-22

2022 PA Super 115

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY LOWMAN | : | |
| | : | |
| Appellant | : | No. 2333 EDA 2021 |

Appeal from the Order Entered October 29, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001458-2019

BEFORE: OLSON, J., DUBOW, J., and KING, J.

OPINION BY OLSON, J.:                                              **FILED JUNE 28, 2022**

Appellant, Gregory Lowman, appeals from the order entered on October 29, 2021, which granted, in part, and denied, in part, his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We vacate the PCRA court's order, in part, and remand.

On May 30, 2019, the Commonwealth filed its criminal information against Appellant. The information charged Appellant with 16 crimes, including nine counts of aggravated assault, three counts of recklessly endangering another person, and three counts of endangering the welfare of a child. *See* Commonwealth's Information, 5/30/19, at 1-3. On May 26, 2021, Appellant entered into a plea agreement with the Commonwealth. Under the terms of the agreement, Appellant agreed to plead *nolo contendere* to three counts of aggravated assault under 18 Pa.C.S.A. § 2702(a)(8) and, in exchange, the Commonwealth agreed that "the remaining counts will be

dismissed." **See** N.T. Guilty Plea Hearing, 5/26/21, at 12 (Appellant agreed to the following recitation of the plea agreement: "you were initially charged . . . with 16 different counts. You're pleading no contest to three of them, and the remaining counts will be dismissed"). The parties did not agree upon any particular sentence. **See id.** at 5 ("there's no agreement with respect to sentence").

During the guilty plea hearing, the Commonwealth recited the factual basis for Appellant's plea:

> On March [1, 2019,] Detective Miller of the Bethlehem Police Department was contacted by Northampton County Children and Youth in regards to [Appellant's] five-week old daughter, [L.L.], who was being treated at Lehigh Valley Hospital for multiple fractures. A skeletal survey was conducted and revealed that [L.L.] had three healing left posterior and lateral rib fractures of her third, fourth, and fifth rib. The injuries were determined by Dr. Jansen to be highly specific for child abuse.
>
> [Appellant] was interviewed regarding [L.L.'s] injuries. He admitted during the interview that he was sole caretaker during the time she sustained the rib fractures. He admitted that he caused those injuries by squeezing her when she would not stop crying.

**Id.** at 20.

The trial court accepted Appellant's plea and, on May 26, 2021, ordered Appellant to serve 18 to 36 months in prison for each of his three aggravated assault convictions. In addition, the court directed that Appellant's sentences should be served consecutively to each other, for an aggregate sentence of 54 to 108 months' imprisonment. N.T. Sentencing, 5/26/21, at 26-27.

On July 6, 2021, Appellant filed a timely, *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant and counsel filed an amended petition on Appellant's behalf. Within the amended petition, Appellant claimed that his sentence was illegal, as his "three separate . . . sentences for the same offense [arose] from a single criminal act[, which constitutes a violation of] Pennsylvania's merger doctrine." Amended PCRA Petition, 8/26/21, at 3. Within Appellant's second amended PCRA petition, Appellant clarified that he "requests that his sentence on two of the three pleas of aggravated assault be vacated," but that Appellant "does not seek the withdrawal or vacation of his plea." Second Amended PCRA Petition, 9/9/21, at 3.

The Commonwealth responded to Appellant's petition and agreed that Appellant's sentence is "illegal because the offenses arose from a single criminal act and should have merged for sentencing purposes." Commonwealth's Brief in Response, 10/26/21, at 2. Therefore, the Commonwealth agreed that Appellant's sentence must be vacated. *Id.* The Commonwealth, however, also argued that the PCRA court should entirely set aside Appellant's plea and return the case to its pre-plea status quo. Specifically, the Commonwealth argued, Appellant's plea was the result of an agreement between Appellant and the Commonwealth, where "[i]n exchange for [Appellant's] *nolo contendere* plea, [the Commonwealth agreed] that the remaining counts pertaining to the other injuries would be dismissed." *Id.* at 5. The Commonwealth argued: since the plea agreement involved a "shared

misunderstanding[] by the Commonwealth, [Appellant], and the [trial court] as to the possible extent of [Appellant's] sentence that fatally poisoned the plea negotiations[,] . . . the Commonwealth is entitled to the vacation of [Appellant's] plea as well as [Appellant's] sentence so as to be fairly returned to the pre-plea status quo." *Id.* at 6.

On October 28, 2021, the PCRA court entered an order granting, in part, and denying, in part, Appellant's PCRA petition. In particular, the PCRA court concluded that Appellant's sentence was illegal, as "the aggravated assault offenses arose from a single criminal act and should have merged for sentencing purposes." PCRA Court Opinion, 10/28/21, at 3. Thus, the PCRA court granted Appellant's petition insofar as it challenged the legality of his punishment. *See* PCRA Court Opinion, 10/28/21, at 1. The PCRA court, however, then went further and vacated Appellant's guilty plea in its entirety, thereby returning the case to its pre-plea status. PCRA Court Order, 10/28/21, at 1; PCRA Court Opinion, 10/28/21, at 1; *see also* PCRA Court Amended Order, 10/29/21, at 1.

Appellant filed a timely notice of appeal. He raises one substantive issue to this Court:

> Should Appellant's guilty plea to three counts of aggravated assault be reinstated?

Appellant's Brief at 4.[1]

"We review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error.  Our standard of review of a PCRA court's legal conclusions is *de novo*."  ***Commonwealth v. Cousar***, 154 A.3d 287, 296 (Pa. 2017) (citations omitted).  Appellant asserts that the PCRA court erred in concluding that the merger of his sentences undermined the benefits each party derived from the plea agreement and, as such, compelled the court to set aside Appellant's guilty plea.  These contentions present mixed questions of law and fact, as we need to ascertain the terms of the parties' plea agreement and then determine whether the merger of Appellant's sentences defeated any benefits the parties anticipated from their arrangement.

_____

[1] The Commonwealth claims that we must quash this appeal, as Appellant prevailed before the PCRA court and is not an aggrieved party.  ***See*** Commonwealth's Brief at 5; ***see also*** Pa.R.A.P. 501 ("any party who is aggrieved by an appealable order . . . may appeal therefrom"); ***Commonwealth v. Polo***, 759 A.2d 372, 373 n.1 (Pa. 2000) ("only an aggrieved party can appeal from an order entered by a lower court").  The Commonwealth is incorrect.  Within his PCRA petition, Appellant requested that the court uphold the validity of his plea and the PCRA court specifically denied Appellant's request.  Appellant has thus been "adversely affected" by the PCRA court's decision and, to the extent the PCRA court denied his request to uphold the validity of the plea, Appellant has standing to appeal the PCRA court's order.  ***See In re J.G.***, 984 A.2d 541, 546 (Pa. Super. 2009) (*en banc*) ("a party is 'aggrieved' when the party has been adversely affected by the decision from which the appeal is taken") (quotation marks, citations, and brackets omitted).

We begin our analysis by discussing a line of cases starting with our holding in **Commonwealth v. Melendez-Negron**, 123 A.3d 1087 (Pa. Super. 2015). In **Melendez-Negron**, Melendez-Negron was charged with a variety of drug-related crimes. In accordance with a negotiated plea agreement, Melendez-Negron pleaded guilty to possession of a controlled substance with the intent to deliver ("PWID") and, on November 15, 2013, the trial court sentenced him to serve a term of five to ten years in prison, pursuant to the mandatory minimum sentencing statute found at 42 Pa.C.S.A. § 9712.1. **Id.** at 1089. However, months before Melendez-Negron pleaded guilty, the United States Supreme Court decided **Alleyne v. United States**, 570 U.S. 99 (2013). There, the United States Supreme Court held that mandatory minimum sentencing statutes such as 42 Pa.C.S.A. § 9712.1 were unconstitutional, since "the facts that increase a mandatory minimum sentence are not submitted to a jury and are not required to be found beyond a reasonable doubt." **Melendez-Negron**, 123 A.3d at 1091.

Melendez-Negron did not file a direct appeal from his judgment of sentence. However, Melendez-Negron filed a timely PCRA petition, where he claimed that his trial counsel "was ineffective for allowing [him] to plead guilty to a sentence based on [an unconstitutional] mandatory minimum sentencing enhancement" **Id.** at 1090. Melendez-Negron requested that the PCRA court vacate his sentence and resentence him; he did not request that the PCRA court permit him to withdraw his guilty plea. **Id.** at 1091 n.7.

The PCRA court granted Melendez-Negron's PCRA petition, vacated his punishment, and agreed to undertake resentencing proceedings. The Commonwealth filed a notice of appeal and claimed, among other things, that the PCRA court erred when it merely vacated Melendez-Negron's sentence and agreed to resentencing. *Id.* at 1090. According to the Commonwealth, if the PCRA court were going to grant Melendez-Negron relief, it needed to vacate Melendez-Negron's entire guilty plea and "return[ the case] to the status quo prior to the entry of the guilty plea." *Id.* at 1091. As the Commonwealth argued: "in consideration of agreeing to a five-to-ten-year period of incarceration, [the Commonwealth] gave up the opportunity to seek sentences on the drug paraphernalia and small amount of marijuana charges. By simply allowing resentencing pursuant to the sentencing guidelines, the Commonwealth . . . [lost] the benefit of its bargain." *Id.* at 1092 (quotation marks and citations omitted).

We agreed with the Commonwealth and concluded that the PCRA court erred when it failed to vacate the entirety of Melendez-Negron's guilty plea and restore the case to its status prior to the entry of the guilty plea. *Id.* at 1091-1092.

Within our opinion, we analogized the case to our prior opinions in ***Commonwealth v. Hodges***, 789 A.2d 764 (Pa. Super. 2002) and ***Commonwealth v. Lenhoff***, 796 A.2d 338 (Pa. Super. 2002). In both ***Hodges*** and ***Lenhoff***, the defendants, the Commonwealth, and the trial court judges were all under the mistaken belief that the defendants were subject to

more severe statutory maximum sentences than those which the trial courts were authorized to impose. **See Hodges**, 789 A.2d at 765 (the parties mistakenly believed that the defendant was subject to the death penalty when, "because of [the defendant's] age, the death penalty was never applicable"); **Lenhoff**, 796 A.2d at 342-343 (the parties mistakenly believed that the defendant committed a second-degree felony, when the defendant actually committed a third-degree felony). The defendants then pleaded guilty in order "to avoid [a] sentence . . . [that] the [trial] court did not have the legal authority to impose." **Lenhoff**, 796 A.2d at 342-343. As we held in both **Hodges** and **Lenhoff**, the defendants were entitled to withdraw their guilty pleas, as "[t]he entire process of [the] plea negotiations . . . was affected by [the] . . . [statutory maximum sentencing calculation] error." **Hodges**, 789 A.2d at 767.

Utilizing this precedent, the **Melendez-Negron** Court held:

> This case is fundamentally akin to **Hodges** and **Lenhoff**; where it differs is that it is the Commonwealth, not the defendant, who argues that it [has been] deprived of the benefit of its bargain. We see no reason why the rationale of **Hodges** and **Lenhoff** should be limited to criminal defendants. Indeed, both parties to a negotiated plea agreement are entitled to receive the benefit of their bargain. **See Commonwealth v. Townsend**, 693 A.2d 980, 983 (Pa. Super. 1997) ("[W]here the parties have reached a specific sentencing agreement . . . the court cannot later modify the terms of the agreement without the consent of the Commonwealth" because this would deny the Commonwealth the full benefit of the agreement which it reached . . . and the defendant, in turn, would receive a windfall."); **Commonwealth v. Coles**, 530 A.2d 453 (Pa. Super. 1987) (holding that granting defendant's motion to modify

negotiated plea sentence stripped Commonwealth of the benefit of its bargain). . . . Accordingly, we conclude that the shared misapprehension that the mandatory minimum sentence required by [42 Pa.C.S.A. § 9712.1] applied to Melendez–Negron tainted the parties' negotiations at the outset. As in **Hodges** and **Lenhoff**, the parties' negotiations began from an erroneous premise and therefore were fundamentally skewed from the beginning. Thus, while we affirm the PCRA court's order vacating Melendez–Negron's sentence, we further vacate his guilty plea and remand for further proceedings.

**Melendez-Negron**, 123 A.3d at 1093-1094.

Later, in **Commonwealth v. DiMatteo**, our Supreme Court applied – and limited – our holdings in **Melendez-Negron**, **Hodges**, and **Lenhoff**. **Commonwealth v. DiMatteo**, 177 A.3d 182, 196 (Pa. 2018). In **DiMatteo**, the defendant entered "an open guilty plea to 56 counts of possession with intent to deliver (PWID) and one count each of criminal conspiracy and corrupt organizations." **Id.** at 183 (footnotes omitted). On February 6, 2013, the trial court sentenced DiMatteo to serve multiple, mandatory minimum sentences, pursuant to 18 Pa.C.S.A. § 7508.[2] **Id.** at 184. DiMatteo did not file a direct appeal to this Court.

_____

[2] As the **DiMatteo** Court explained:

Section 7508 prescribe[d] various mandatory minimum sentences for certain violations of The Controlled Substance, Drug, Device and Cosmetic Act, including PWID, predicated on the weight and classification of the controlled substance. Notably, Section 7508 specifie[d] that its provisions "shall not be an element of the crime[,]" the application of the sentence "shall be determined at sentencing[,]" and the factual determinations necessary to impose the sentence are to be found by the sentencing court by a preponderance of the evidence. 18 Pa.C.S. § 7508(b).

*(Footnote Continued Next Page)*

Again, the June 17, 2013 decision of the United States Supreme Court in **Alleyne** altered the legality of mandatory minimum sentences such as those imposed upon DiMatteo by holding "that any fact which, by law, increases the mandatory minimum sentence for a crime must be: (1) treated as an element of the offense, as opposed to a sentencing factor; (2) submitted to the jury; and (3) found beyond a reasonable doubt." **DiMatteo**, 177 A.3d at 184.

After **Alleyne** was decided, DiMatteo filed a timely PCRA petition. On appeal, this Court held that DiMatteo's sentence was illegal under **Alleyne**; we thus vacated DiMatteo's judgment of sentence and remanded for resentencing. The Commonwealth then appealed to the Pennsylvania Supreme Court and, among other things, claimed that we erred when we merely vacated the judgment of sentence and remanded for resentencing. According to the Commonwealth, the case was controlled by **Melendez-Negron** and, under that precedent, we should have vacated the plea and "restore[d] the parties to their pre-plea agreement status." **Id.** at 194 (quotation marks and citations omitted). Specifically, the Commonwealth argued, it was entitled to have the entire plea vacated because:

> notwithstanding the fact that there was no agreement as to sentencing in [**DiMatteo**], the Commonwealth [contended that it] nonetheless withdrew a number of counts based on DiMatteo pleading guilty. [According to the Commonwealth,

**DiMatteo**, 177 A.3d at 183-184 (some citations omitted).

its decision] to forgo additional counts "was premised in part on the mandatory sentences that applied to the counts" to which DiMatteo pleaded guilty.

*Id.* at 192-193 (citations omitted).

The Commonwealth claimed that, under *Melendez-Negron*, it was entitled to "the benefit of its bargain" and, since DiMatteo's sentence was vacated as illegal, the entire case must be returned to "pre-plea agreement status." *Id.* at 194. The Pennsylvania Supreme Court rejected the Commonwealth's claim. As the *DiMatteo* Court explained:

We agree with the Superior Court that the appropriate remedy in this case is vacating the judgment of sentence and remanding without consideration of the mandatory minimum sentence. We reach this conclusion based on the particular circumstances and timing of the entry of DiMatteo's plea. Although both this case and *Melendez–Negron* arise in the context of seeking collateral relief under the PCRA, the remedies are specific to the unique procedural posture of the case. First, we note that the Superior Court in *Melendez-Negron* analyzed the claim under the ineffectiveness paradigm. A finding that plea counsel was constitutionally ineffective which resulted in prejudice entitled Melendez–Negron to relief under the PCRA in the form of vacating the plea. *See* 42 Pa.C.S. § 9543(a)(2)(ii). In the instant circumstance, the Superior Court found the illegality of the sentence manifest and ordered relief from the illegal sentence, a remedy authorized by the PCRA. 42 Pa.C.S. § 9542. Moreover, Melendez–Negron's negotiated guilty plea was accepted on November 15, 2013, which was five months after the decision in *Alleyne* was announced and one month following the intermediate court's opinion in which it determined that Section 9712.1 was unconstitutional as applied. Consequently, at the time of the plea, counsel was ineffective for failing to advise Melendez–Negron to "reject a plea that incorporated a sentence based upon § 9712.1. This is so especially in light of the fact that the application of § 9712.1 resulted in a sentence that was more than double the aggravated range sentence" he would otherwise face.

Further, the rationale of **Hodges**, **Lenhoff**, and **Melendez-Negron** stand for the proposition that "both parties to a negotiated guilty plea" are entitled to the benefit of their bargains, but such bargains may not be premised on some "shared misapprehension" that wrongfully induces the plea. Accordingly, the holdings of those cases apply only to negotiated guilty pleas, not to open guilty pleas.

In the instant case, at the time DiMatteo entered into his open guilty plea, there was no "shared misapprehension" regarding the legality of the sentences that could be imposed, and there was no agreement or bargain between the Commonwealth and DiMatteo as to sentencing at all. The sentencing court did not impose its sentence under a misconception over what sentence it could impose under law. Rather, following sentencing, **Alleyne** was decided, rendering the mandatory minimum schemes with the defective judicial fact-finding procedure illegal. This is not an occasion where a defendant and the Commonwealth bargained for a term of imprisonment, and the defendant reneged. DiMatteo pleaded guilty to a number of counts, with no agreement or contract with the Commonwealth and then challenged the legality of his sentence. The remedy is a correction of the illegal sentence.

**Id.** at 195-196 (some citations omitted).

In the case at bar, Appellant and the Commonwealth entered into a plea agreement, where Appellant agreed to plead *nolo contendere* to three counts of aggravated assault and the Commonwealth agreed to "dismiss the remaining counts pertaining to the other injuries indicated in the" criminal information. PCRA Court Opinion, 10/28/21, at 3; **see also** N.T. Guilty Plea Hearing, 5/26/21, at 12 (Appellant agreed to the following recitation of the plea agreement: "you were initially charged . . . with 16 different counts. You're pleading no contest to three of them, and the remaining counts will be dismissed"). As in **DiMatteo**, "there was no agreement or bargain between

the Commonwealth and [Appellant] as to sentencing at all." *See DiMatteo*, 177 A.3d at 196.

Appellant then filed a PCRA petition and claimed that his sentence was illegal, as "the aggravated assault offenses arose from a single criminal act and should have merged for sentencing purposes." *See* PCRA Court Opinion, 10/28/21, at 3. The PCRA court granted Appellant relief on this claim and, thus, vacated Appellant's judgment of sentence. However, the PCRA court went further and vacated Appellant's plea as well, reasoning that Appellant's "plea agreement involved a shared misunderstanding that fatally affected the entire process of the plea negotiations from the outset." *See id.* at 5. Respectfully, we conclude that the PCRA court misperceived the terms of the parties' agreement when it vacated Appellant's plea for this reason.

Here, Appellant and the Commonwealth simply agreed that, if Appellant pleaded *nolo contendere* to three counts of aggravated assault, the Commonwealth would dismiss the remaining counts in the information. Although the PCRA court later held that "the aggravated assault offenses arose from a single criminal act and should have merged for sentencing purposes," this conclusion does not alter the bargain that was struck between Appellant and the Commonwealth, which did not touch upon the issues of consecutive versus concurrent sentencing or duration of punishment. Certainly, the PCRA court did not vacate Appellant's **convictions** – and Appellant's agreement to plead *nolo contendere* to three counts of aggravated assault remains intact. Rather, the PCRA court merely held that Appellant's three aggravated assault

convictions should have merged for sentencing purposes. PCRA Court Opinion, 10/28/21, at 3; **see also** 42 Pa.C.S.A. § 9765 ("No crimes shall merge **for sentencing purposes** unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, **the court may sentence the defendant only on the higher graded offense**.") (emphasis added). Yet, Appellant and the Commonwealth did not have any agreement regarding **sentencing**. Therefore, we echo our Supreme Court's opinion in **DiMatteo** and hold, in the case at bar, as follows:

> In the instant case, at the time [Appellant] entered into his [] guilty plea, there was no "shared misapprehension" regarding the legality of the sentences that could be imposed, and there was no agreement or bargain between the Commonwealth and [Appellant] as to sentencing at all. . . . This is not an occasion where a defendant and the Commonwealth bargained for a term of imprisonment, and the defendant reneged [or the term of imprisonment was legally impossible to fulfill at the outset]. [Appellant] pleaded [*nolo contendere* to three aggravated assault counts], with no agreement or contract with the Commonwealth [regarding sentencing] and then challenged the legality of his sentence. The remedy is a correction of the illegal sentence.

**DiMatteo**, 177 A.3d at 196 (citations omitted).

In conclusion, since the parties did not agree upon any particular sentence, the PCRA court's vacation – on merger principles – of Appellant's judgment of sentence did not alter the terms of the plea agreement between Appellant and the Commonwealth. Appellant's plea of *nolo contendere* to

three counts of aggravated assault remains intact. As such, the PCRA court erred when it vacated the plea and returned the parties to their pre-plea agreement status. The appropriate remedy was simply to correct Appellant's sentence and leave Appellant's guilty plea undisturbed.

Order vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2022