J-S26027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY TERRELL LOWMAN | : | |
| | : | |
| Appellant | : | No. 279 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 24, 2022
In the Court of Common Pleas of Northampton County at No(s):  CP-48-
CR-0001458-2019

BEFORE:  STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED OCTOBER 18, 2023**

Gregory Terrell Lowman appeals from the judgment of sentence imposed after he pled *nolo contendere* to three counts of aggravated assault against his newborn daughter.[1]  Upon review, we affirm.

The factual basis placed on the record at the time of the plea was as follows:

> On March [1, 2019,] Detective Miller of the Bethlehem Police Department was contacted by Northampton County Children and Youth in regards to [Lowman's] five-week old daughter, [L.L.], who was being treated at Lehigh Valley Hospital for multiple fractures. A skeletal survey was conducted and revealed that [L.L.] had three healing left posterior and lateral rib fractures of her third, fourth, and fifth rib. The injuries were determined by [the hospital radiologist] to be highly specific for child abuse.
>
> [Lowman] was interviewed regarding [L.L.'s] injuries. He admitted during the interview that he was sole caretaker during the time

---

[1] 18 Pa.C.S.A. § 2702(a)(8).

she sustained the rib fractures. He admitted that he caused those injuries by squeezing her when she would not stop crying.

N.T., 5/26/21 at 20.

Lowman was arrested and charged with sixteen crimes, including nine counts of aggravated assault, three counts of recklessly endangering another person, and three counts of endangering the welfare of a child.

On May 26, 2021, Lowman entered a *nolo contendre* plea to three counts of aggravated assault—bodily injury (victim less than 6 years of age and defendant 18 years of age or older), for three separate rib fractures. These crimes were graded as second-degree felonies. The Commonwealth withdrew the remaining counts including the first-degree felony charges. The trial court sentenced Lowman to 18 to 36 months' incarceration for each conviction, to be served consecutively, for an aggregate sentence of 54 to 108 months' incarceration. Lowman did not appeal.

On July 6, 2021, Lowman filed a *pro se* Post-Conviction Relief Act[2] petition. His court-appointed counsel then filed two amended petitions claiming, that Lowman's sentence was illegal. Lowman contended that because his three sentences arose from a single criminal incident they should have merged. As such, he requested that the sentence for two of the three crimes be vacated. He did not seek to withdraw or vacate his plea. The Commonwealth agreed that the sentence was illegal but argued that the plea

---

[2] 42 Pa.C.S.A. §§ 9541-46.

should be set aside in its entirety, and the case returned to its pre-plea status quo.

On October 28, 2021, the PCRA court granted Lowman's request to set aside his sentence as illegal and *sua sponte* set aside his plea. Lowman appealed. A panel of this Court reinstated Lowman's plea and remanded for resentencing. **Commonwealth v. Lowman**, 278 A.3d 361 (Pa. Super. 2022).

Upon remand, the trial court ordered a Pre-Sentence Investigation (PSI) and batterer's assessment to aid in fashioning the new sentence. The court then resentenced Lowman to 18 to 108 months' incarceration; the court also imposed various conditions of parole. Lowman filed a post-sentence motion, regarding the conditions of parole. The trial court agreed that it erroneously imposed conditions of parole (which could only be done by the Parole Board because this was a state sentence). The court vacated its sentencing order and held a new sentencing hearing on October 4, 2022.

Ultimately, the trial court resentenced Lowman to 18 to 108 months' incarceration[3] and made various recommendations to the Parole Board for it to consider upon Lowman's release from confinement. The recommendations were based on information in Lowman's PSI Report and batterer's assessment.

---

[3] As the court observed, the crime at issue is a felony of the second degree and has an offense gravity score of 7. Lowman had a prior record score of 2. The standard range minimum sentence is 12 to 18 months, with a maximum sentence of 120 months, a mitigated standard range of 6 months and an aggravated range of 24 months. **See** N.T. 10/24/22, at 5.

Lowman filed another post-sentence motion, seeking to reduce his maximum sentence, which the court denied.

Lowman filed this timely appeal. Lowman and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.[4]

On appeal, Lowman raises the following three issues for our review:

A. Did the trial court sentence Lowman vindictively?

B. Did the trial court fail to engage in an individualized sentencing of Lowman?

C. Did the trial court improperly treat Lowman's *nolo contendere* plea differently than a guilty plea for sentencing purposes?

**See**, Lowman's Brief at 7.

In his first issue, Lowman claims that the trial court vindictively imposed a new sentence following his successful appeal to this Court when it increased the maximum sentence on a single count from 36 to 108 months. Lowman's Brief at 10, 12, 15. Specifically, he argues that certain comments made by the trial court during resentencing indicate vindictiveness. We disagree.

_____

[4] Lowman's 1925(b) statement is 7 pages and 37 paragraphs. This is not a "concise statement of errors complained of on appeal." This document should only identify the errors made by the trial court; it should not include facts, procedural history, lengthy explanations, or arguments as Lowman provided here. **See** Pa. R.A.P. 1925(b)(4)(iv). Ideally, this document should mirror exactly the statement of questions involved in the appellate brief (unless an appellant chooses to include fewer issues in the appellate brief after considering the trial court's 1925(a) opinion).

A claim that a court vindictively imposed a sentence challenges the legality of the sentence.[5]  **See Commonwealth v. Prinkey**, 277 A.3d 554 (Pa. 2022).  Challenges to an illegal sentence are subject to a *de novo* standard of review and a plenary scope of review.  **See Commonwealth v. Yahya Asaad Muhammed**, 219 A.3d 1207, 1211 (Pa. Super. 2019).

Upon resentencing, this Court must ensure that any increase in a sentence is not the result of judicial vindictiveness.  **See Alabama v. Smith**, 490 U.S. 794, 798 (1989) (the Due Process Clause requires that sentencing must not be exercised with the purpose of punishing a successful appeal).  The prohibition against vindictiveness is designed to prevent courts from punishing defendants for freely exercising their legal rights to appeal.  **Commonwealth v. Speight**, 854 A.2d 450, 455 (Pa. Super. 2004).  Thus, if the court imposes a **harsher** sentence after a new trial, or if the original sentence is vacated and the defendant is resentenced without a new trial, a presumption of vindictiveness applies.  **Id.** at 455 (emphasis added); **Commonwealth v. Greer,** 554 A.2d 980, 987 n. 7 (Pa. Super. 1989).

A presumption can be overcome by pointing to "objective information in the record justifying the increased sentence."  **Speight** 854 A.2d at 455 (citation omitted); **see also Commonwealth v. Campion**, 672 A.2d 1328 (Pa. Super. 1996), *appeal denied,* 681 A.2d 1340 (Pa. 1996).  "Absent

---

[5] We note that the trial court and the parties treated this claim as a challenge to the discretionary aspects of the sentence.  However, our Supreme Court recently clarified that vindictiveness claims challenge the legality of the sentence.  **Commonwealth v. Prinkey**, 277 A.3d 554 (Pa. Super. 2022).

evidence [that] a sentencing increase is justified due to objective information concerning a defendant's case, the presumption of vindictiveness cannot be rebutted." *Commonwealth v. Serrano*, 727 A.2d 1168, 1170 (Pa. Super. 1999).

However, "preserving the integrity of a prior sentencing scheme is a legitimate sentencing concern [and] a trial court properly may resentence a defendant to the same aggregate sentence to preserve its original sentencing scheme." *Commonwealth v. Barnes*, 167 A.3d 110, 124 (Pa. Super. 2017) (*en banc*) (cleaned up).

Here, both parties agree that the presumption of vindictiveness does not apply, because the trial court did not impose a harsher sentence upon remand. Lowman's Brief at 14-16[6]; Commonwealth Brief at 9. Nevertheless, Lowman argues that when the court kept the maximum sentence the same and it referenced various factors it did not initially consider, the court engaged in vindictive sentencing. We disagree.

The trial court explained that it intended to preserve the integrity of its original sentencing scheme when it resentenced Lowman. Trial Court Opinion, 3/16/23, at 13. The court understood that it had to keep the minimum sentence at 18 months, which it did (though it believed aggravating factors would justify it to go higher). The court did not raise the minimum sentence, as requested by the Commonwealth, because it understood it may appear

---

[6] Lowman argues inconsistently about the presumption. Whether he conceded it or not, we conclude the presumption does not apply in this case.

vindictive, and the court addressed those concerns: "Vindictiveness does not play a part in this [c]ourt's sentences. It [] never has, it never will . . . ***Id.*** (citing N.T., 10/24/22 at 13).[7]

Based on our review of the resentencing transcripts[8] we conclude that the court was not being vindictive when it kept the maximum sentence at 108 months. Instead, the court acknowledged its previous sentencing errors and its obligation to comply with this Court's directives upon remand. The court's comments about any inquiry from the Parole Board were solely to notify Lowman that when asked, the court may not give favorable responses. This was not because Lowman exercised his right to appeal, but rather, to highlight the court's serious concerns about the injuries sustained to a young infant,

---

[7] The court similarly addressed these concerns at the original resentencing on August 16, 2022. After resentencing Lowman to 18 to 108 months, it stated:

> The court refuses to impose anything greater, although it would be richly deserved in this case, because, again, I do not want to have a legal determination from any appellate court that I am sentencing in a vindictive way on remand. There is no vindictiveness intended or considered whatsoever in the imposition of this sentence. This was a five-week-old baby with egregious injuries, helpless at the hands of her father who continues to deny it, which is inevitably going to play a role in how and when he gets paroled.

N.T., 8/16/22, at 31-32.

[8] We reviewed the transcripts from both the August and October resentencing hearings because Lowman references both in his brief. He challenged the maximum sentence on both appeals. Additionally, a challenge to the legality of sentence can be raised at any time and is not waivable. ***Commonwealth v. Thorne***, 276 A.3d 1192, 1196 (Pa. 2022).

Lowman's rehabilitative needs, and the need to protect the public and Lowman's other children.

As the resentence was not vindictive, we conclude that Lowman's sentence was not illegal. He is entitled to no relief on this issue.

In his second and third issues, Lowman claims his maximum sentence of 108 months was excessive, because the court failed to engage in individualized sentencing and improperly treated his *nolo contendere* plea differently than a guilty plea. These claims challenge the discretionary aspects of his sentence.

"It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." ***Commonwealth v. Austin***, 66 A.3d 798, 807-08 (Pa. Super. 2013) (citation omitted). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis of the following factors to determine whether review is warranted:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Colon***, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting ***Austin***, 66 A.3d at 808).

- 8 -

Here, Lowman satisfied the first three requirements under **Colon**. Accordingly, we must determine whether he raised a substantial question.

In his Rule 2119(f) statement, Lowman claims that the trial court did not impose an individualized sentence but, instead, focused on the seriousness of the crime and the victim's injuries. Lowman's Brief at 11. Such a claim raises a substantial question. **See Commonwealth v. Luketic**, 162 A.3d 1149, 1162 (Pa. Super. 2017).

Additionally, Lowman claims that the trial court improperly relied on his supposed unwillingness to take responsibility for his actions despite his *nolo contendere* plea thereby improperly treating his plea different than a guilty plea. **Id.** Reliance by the sentencing court on an impermissible factor raises a substantial question. **See Commonwealth v. Ali**, 197 A.3d 742, 760 (Pa. Super. 2018).

Because Lowman's sentencing claims raise a substantial question, we will consider the merits of them.

Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Lowman first claims that the trial court abused its discretion when it failed to give him an individualized sentence. Specifically, he argues that the lengthy, nine-year maximum sentence, being one year less than the statutory maximum, was not supported by the record. According to Lowman, nothing about his background and character, including his prior criminal history, demonstrated that such sentence was necessary to achieve the objectives of the Sentencing Code. Instead, Lowman maintains that the court focused on the crime and the victim's injuries. Lowman's Brief at 16, 18-20. We disagree.

A fundamental norm in the sentencing process is that a defendant's sentence be individualized. The Sentencing Code prescribes individualized sentencing by requiring the sentencing court to consider the protection of the public, the gravity of the offense in relation to its impact on the victim and the community, and the rehabilitative needs of the defendant; the Code prohibits a sentence of total confinement without consideration of "the nature and circumstances of the crime[,] and the history, character, and condition of the defendant." *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015) (citing 42 Pa.C.S.A. § 9721); 42 Pa.C.S.A. § 9725.

As our Supreme Court explained in *Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988):

> The philosophy of indeterminate or individualized sentencing was explicitly recognized by the Pennsylvania Legislature early in this century. Courts are not permitted to mete out punishment based on the mere fact of the crime. On the contrary, sentencing must result both from a consideration of the nature and circumstances of the crime as well as the character of the defendant.

*Id*. at 13 (footnote omitted). Thus, "a sentencing court abuses its discretion when it considers the criminal act, but not the criminal himself." *Commonwealth v. Wright*, 600 A.2d 1289, 1291 (Pa. Super. 1991) (quotation marks and citation omitted). The High Court further set forth the following two-part duty of a sentencing judge:

> The first responsibility is a fact-finding responsibility: the judge must be sure he had enough information. The second responsibility is an application-and-explanation responsibility: the judge must apply to the information he has gathered the guidelines specified in the Sentencing Code, 42 Pa.C.S. §§ 9701 *et seq*., and explain how the sentence he has selected is responsive to, and reflects the standards embodied in, those guidelines. If the judge fails to fulfill these responsibilities, we must vacate the sentence and remand for resentencing.

*Devers*, 546 A.2d at 16 (citation omitted).

Based upon our review of the record, we conclude that the trial court considered individualized factors regarding Lowman and did not simply base his sentence on the crime itself.

Initially, we observe that the trial court had a pre-sentence investigation report ("PSI") and reviewed the report. N.T., 10/24/22, at 5, 14. It is well-settled that where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (*Devers*, *supra*, at 18). The court also had a batterer's assessment. Thus, the court had sufficient information from which it could render an individualized sentence for Lowman.

In considering these reports, the trial court noted on the record their various findings, conclusions, and recommendations. Without reiterating all the information in these reports, we note that the PSI indicated that Lowman's prognosis for community supervision was poor and recommended that Lowman undergo a psychological evaluation if given any period of community supervision. N.T., 10/24/22, at 11.

Additionally, the batterer's assessment indicated that Lowman has several needs. He will need: 1) treatment to address his poor judgment, anger, and aggression; 2) education on victim impact and victim empathy to understand what lead to his offense and develop relapse prevention strategies to avoid future incidents of violence against children; 3) and to pursue higher education[9] or obtain gainful employment. *Id.* at 12.

The trial court considered the information from these reports regarding Lowman's needs, as well as other relevant factors, when it sentenced him. The court explained:

> I have considered everything I'm required to consider. This is a no-contest plea. I've considered that, the entire history of the case, everything summarized from the PSI and the batterer's assessment, the age of the victim, the defendant's extensive criminal background, his unwillingness to accept responsibility, his deception, the fact that a lesser sentence would depreciate the seriousness of the crime, the need to deter future similar conduct, the fact that he has other children which could be in danger from him and his behavior, the need to protect the public, and his rehabilitative needs.

---

[9] Lowman left school after the ninth grade and did not obtain a GED. N.T., 10/24/22, at 8.

*Id.* at 14. Additionally, the court stated it would recommend to the Parole Board the recommendations and treatment suggested in the PSI and batterer's assessment, the conditions which it could not impose itself. *Id.* at 20.

Lowman relies on this Court's decision in ***Commonwealth v. Coulverson***, 34 A.3d 135 (Pa. Super. 2011) to challenge the maximum sentence. There, the court noted, "[a] sentence may still be excessive regardless of the commencement of terms of imprisonment in the standard guidelines range if the upper end of the sentence imposes a term unlikely to end during the defendant's natural life span or, as here, perpetually subject to the discretion of the Board of Probation and Parole." *Id*. at 148. We find this case inapplicable to the facts here. In ***Coulverson***, the court sentenced the defendant to a maximum term of 90 years. Here, Lowman's maximum sentence is 9 years. We note that Lowman was 32 years old at the time of sentencing. Thus, his sentence is not a term that is unlikely to end during his natural life or subject him perpetually to review by the Parole Board.

Thus, we conclude that, contrary to Lowman's claim, the trial court did not focus on the crime and the victim's injuries but considered all the relevant factors, in particular Lowman's character and his individual needs. As such, it imposed a sentence specifically tailored to him. We discern no abuse of discretion in this regard.

In his third issue, Lowman claims that the trial court treated his *nolo contendere* plea differently than a guilty plea when it considered his supposed

"unwillingness to accept responsibility for his conduct". Lowman's Brief at 21. He states, "[t]he trial court's repeated reliance on Lowman's supposed "unwillingness to accept responsibility" is an inappropriate consideration when imposing a sentence based on a plea of *nolo contendere*. **Id**.

We note that Lowman has failed to cite to any authority supporting this contention. In an appellate brief, parties must provide an argument as to each question, which should include a discussion and citation of pertinent authorities. Pa.R.A.P. 2119(a). "This Court is neither obliged, nor even particularly equipped, to develop an argument for a party." **Commonwealth v. B.D.G.**, 959 A.2d 362, 371–72 (Pa. Super. 2008) (citation omitted). To do so places the Court in the conflicting roles of advocate and neutral arbiter. **Id**. When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived. **Id**.

In Lowman's brief, while he baldly asserts that the court considered an improper factor in sentencing, he entirely fails to cite any legal authority to support his claim.[10] It is not the job of this Court to clarify or support an appellant's arguments. Therefore, we find this claim to be waived.

Judgment of sentence affirmed.

_____

[10] Lowman cites cases generally distinguishing a **nolo contendere** plea from a guilty plea, but he provides no authority to support his allegation that the court considered an inappropriate sentencing factor.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>October 18, 2023</u>