J-S36045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH LAMBING | : | |
| | : | |
| Appellant | : | No. 399 WDA 2022 |

Appeal from the PCRA Order Entered March 11, 2022
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000910-2017

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED: APRIL 21, 2023**

Appellant, Keith Lambing, appeals from the dismissal of an untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq.*  He claims, *inter alia*, that the lower court erred by denying him an evidentiary hearing to prove that prison housing restrictions put in place in the wake of the Covid-19 pandemic constituted governmental interference that would have excused the late filing of his petition for collateral review.  Upon review, we affirm.

On December 30, 2019, Appellant entered a negotiated guilty plea to murder of the third degree, aggravated assault, and endangering the welfare

_____

[*] Retired Senior Judge assigned to the Superior Court.

of a child.[1]   Written Guilty Plea Colloquy, 12/30/19, 1; Plea Agreement, 12/30/19, 1.  In exchange for the plea, the Commonwealth recommended an aggregate imprisonment term of thirty to sixty years' imprisonment, including consecutive prison terms of twenty to forty years for murder, eight to sixteen years for aggravated assault, and two to four years for endangering the welfare of a child.[2]   Plea Agreement, 12/30/19, 1.  After sentencing was deferred for the preparation of a pre-sentence investigation report, the plea court imposed the agreed-upon sentence on January 6, 2020.  Order, 12/30/19, 1; Sentencing Order, 1/6/20, 1-2.  Appellant did not file any post-sentence motions or an appeal.

---

[1] 18 Pa.C.S. §§ 2502(c), 2702(a)(9), and 4304(a)(1), respectively.  We note that Appellant has failed to ensure that the record certified for this appeal contains notes of testimony for his guilty plea and sentencing hearings.  We can glean from the notes of testimony from one of the preliminary hearings in this case that the victim was a four-year-old child in Appellant's care who was pronounced dead after being taken to a hospital in an unresponsive state.  N.T. 4/27/17, 5-8.  The cause of death was "exsanguination due to hemoperitoneum due to perforation of the rectum and mesentery," *i.e.*, a lethal loss of blood in the child's abdominal cavity resulting from the tearing of the rectum and the soft tissue connecting the child's intestines to the abdominal wall.  *Id.* at 15-16.

[2] Implicit in the written plea agreement was that Commonwealth was declining to pursue convictions for a different degree of the murder charge and for other additional offenses.  Here, Appellant was originally charged with criminal homicide, involuntary deviate sexual intercourse involving the infliction of serious bodily injury, rape of a child, rape of a child with serious bodily injury, aggravated indecent assault of a child, aggravated assault, endangering the welfare of a child, and recklessly endangering another person.  18 Pa.C.S. §§ 2501(a), 3123(c), 3123(d), 3125(b), 2702(a)(1), 4304(a)(1), and 2705, respectively; *see* Bills of Information, 5/31/17, 1-2.

On February 5, 2021, Appellant filed a *pro se* PCRA petition styled as a petition for reconsideration of sentence *nunc pro tunc*.[3]  With respect to his failure to earlier seek reconsideration of his sentence, he asserted: "[B]y the time I have knowledge of appeal rights COVID pandemic kept me from [the] law library."  *Pro Se* PCRA Petition, 2/5/21, attached supplemental page. Months later, before any responsive pleadings or orders were filed, Appellant filed a *praecipe* to discontinue that action.  *Praecipe* to Discontinue (Reconsideration Withdrawal), 7/16/21, 1.

On August 30, 2021, Appellant filed a *pro se* second PCRA petition. Relevant to the timeliness issue presented in this appeal, Appellant asserted governmental interference with the presentation of his claims due to

---

[3] Our Court has held that any petition filed after a petitioner's judgment of sentence become final will be treated as a PCRA petition where the petition raises issues with respect to remedies offered under the PCRA. ***See, e.g., Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011) (treating Jackson's "motion to correct illegal sentence," that was filed more than twenty years after sentencing, as a PCRA petition), ***compare with Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa. Super. 2007) (holding that any filing which requests relief outside the PCRA will not be treated as a PCRA petition). Because Appellant's "petition for reconsideration of sentence *nunc pro tunc*" alluded to ineffective assistance of counsel as contributing to Appellant's failure to seek reconsideration of his sentence, and ineffective assistance of counsel claims are cognizable under the PCRA, the petition filed by Appellant on February 5, 2021, would have to be treated as a PCRA petition. ***See Commonwealth v. Deaner***, 779 A.2d 578, 580 (Pa. Super. 2001) ("[A]ny collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition.") (citations omitted); 42 Pa.C.S. § 9543(a)(2)(iii) (listing ineffective assistance of counsel claims as cognizable under the PCRA); ***see also*** *Pro Se* PCRA Petition, 2/5/21, 1 ("… and my attorneys were incompetent.").

ineffective assistance of counsel ("Attorneys did bare min. to explain anything to me and I was not capable to make decisions."), and that information concerning "appeals and laws" were previously unknown facts to him ("Failure of being able to ask about the appeals & laws due to Covid lockdown, had no access to case laws, attorneys never explained anything to me"). *Pro Se* Second PCRA Petition, 8/30/21, § 5(i)-(ii).

With the assistance of present counsel, Appellant filed an amended PCRA petition.[4] The petition raised baldly-asserted claims challenging the voluntariness of Appellant's plea and the effectiveness of his plea counsel. Amended Second PCRA Petition, 12/8/21, ¶ 11(a)-(d). It was silent as to the timeliness of the petition or the applicability of exceptions to the PCRA's jurisdictional time-bar.

The PCRA court issued notice of its intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907 because the petition was untimely and the court lacked jurisdiction where Appellant "ha[d] failed to allege and prove any exceptions to the strict time requirements set forth in [42 Pa.C.S.] § 9545." Rule 907 Notice, 12/17/21, 1. In a counseled response, Appellant asserted that prison restrictions in the wake of the Covid-19 pandemic, his mental

---

[4] Appellant was appointed counsel for collateral review but that attorney sought and was granted leave to withdraw from representation after Appellant retained present counsel. Appointment Order, 9/13/21, 1; Motion to Withdrawal as Counsel, 11/23/21, 1-2; Counsel Withdrawal Order, 11/24/21, 1.

state, and his lack of awareness concerning court filings and the right to counsel prevented him from filing a timely PCRA petition:

> Immediately after sentencing, the petitioner was transferred and housed at SCI Greene where is presently housed. He was not permitted any calls and/or visits for the first 15 days. He then was subsequently transferred to SCI Camp Hill where he was placed in the ["]hole["] (A form of restricted housing with little, if any, privileges, i.e., law library, school etc.). It took several months for his legal mail from the Butler County Public Defender to catch up to him while the one-year period to file his PCRA was ticking away. Additionally, as a result of the Covid Pandemic, the petitioner's access to information was extremely limited. Moreover, according to [Appellant], inmates were no[t] permitted out of their cells so they could not take advantage of the prison legal clinic, go to the prison library and/or have access to jailhouse lawyers to work on their cases.

> [Appellant] reports that he has, and continues to suffer, from mental illness, including but not limited to, ADHD-[Bi-polar] disease. For this condition, he has been treated at the Irene Staisey Health Center. He has a tenth[-]grade education, having dropped out of school.

> [Appellant] eventually received the PCRA form from the law library, but with his limited IQ, he couldn't understand the directions. As a result, he sought help in filing a PCRA claim from jailhouse lawyers. He had no lawyer at that time, either public or private and the time limit kept running. He finally got his papers back from the jailhouse lawyer who was reviewing his case. He had never filed any court papers before and was not familiar with legal forms and paperwork. Therefore, he sent them to his grandmother … to file with the court, which she did. But by that point, time had expired.

> It should be noted that from the record, it appears that [Appellant] never timely requested that the court appoint counsel to prosecute this PCRA. It could be that [Appellant] did not possess the acumen to know that he had that right.

Response to Rule 907 Notice, 2/24/22, 1-2. The PCRA court dismissed the petition. Dismissal Order, 3/11/22, 1. Appellant timely filed a notice of appeal and a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).[5] Notice of Appeal, 4/6/22, 1; Rule 1925(b) Order, 4/19/22, 1; Rule 1925(b) Statement, 5/4/22, 1.

Appellant presents the following question for our review: "Did the lower court commit reversible error when it dismissed the PCRA petition without a hearing where there was clear and convincing evidence of government interference which caused the PCRA petit[i]on to be filed out of time?" Appellant's Brief at 4 (original entirely capitalized).

Appellant claims that the PCRA court erred by denying him an evidentiary hearing on his claim for an exception to the PCRA's jurisdictional time-bar based on prison restrictions that were put in place during the Covid-19 pandemic. Appellant's Brief at 7-10. He additionally asserts that his guilty plea was coerced by his former counsel and that counsel provided ineffective assistance by failing to advise him to reject the plea offer, failing to investigate

---

[5] The notice of appeal identifies the PCRA court's dismissal order as dated March 9, 2022, however the date of that order should be considered March 11, 2022, which is when it was entered on the trial court's docket and mailed to counsel. **See** Pa.R.A.P. 108(a)(1) ("in computing any period of time under these rules involving the date of entry of an order by a court …, the day of entry shall be the day the clerk of court … mails or delivers copies of the order to the parties"); **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (correcting caption to reflect that an appeal properly lies from the entry of a final order, which in that case was a judgment of sentence). We have corrected the caption for this appeal to properly list March 11, 2022, as the date of the order appealed from.

the DNA evidence in this case, failing to seek a change of venue, failing to earlier seek a withdrawal from representation of Appellant, and failing to explain the sentencing exposure to Appellant. *Id.* at 11-12.

As for the time-bar exception claim, Appellant asserts that the efforts of prison officials to enforce lockdown restrictions during the Covid-19 pandemic constituted governmental interference that prevented him from timely filing his PCRA petition. Appellant's Brief at 12-13. He alleges that the restrictions prevented him and other inmates from going to their prison facility's law clinic, meeting with "jail house lawyers," and timely receiving their legal mail. *Id.* In the absence of an evidentiary hearing, Appellant argues that the PCRA court was required to accept his claim that governmental interference prevented him from timely filing a PCRA petition:

> The court is required to accept all that is in the petition as true. That means in this case, the filing of the petition was definitely [a]ffected by Covid, he did not have access to the courts and didn't know he was entitled to have an appointed lawyer[.] That is the reason for the delay and if those facts and reasoning are accepted as true then he is entitled to relief.

*Id.* at 17.

Our standard of review of the denial of a PCRA petition is limited to examining whether the record supports the PCRA court's determination and whether that determination is free of legal error. *Commonwealth v. Lowman*, 278 A.3d 361, 363-64 (Pa. Super. 2022). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of

the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S. § 9545(b)(1). "[T]he PCRA's timeliness requirements are jurisdictional in nature, and where a PCRA petition is filed untimely, courts lack jurisdiction to address the substantive claims raised therein." **Commonwealth v. Cobbs**, 256 A.3d 1192, 1207 (Pa. 2021). As the timeliness issue is separate and distinct from the merits of Appellant's underlying plea inducement and ineffective assistance of counsel claims, we must first determine whether this PCRA petition is timely filed and, if it is untimely, whether an exception to the PCRA's jurisdictional time-bar applies. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008); **see also Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits).

Here, Appellant concedes that the petition at issue was untimely filed. Appellant's Brief at 4a ("a *pro se* PCRA [p]etition was untimely filed in the lower court"). His judgments of sentence became final on February 5, 2020, thirty days after the imposition of his sentence on January 6, 2020, where he did not file any post-sentence motions and did not seek direct review in this Court. 42 Pa.C.S. § 9545(b)(3) ("For purposes of th[e PCRA], a judgment becomes final at the conclusion of direct review…"); Pa.R.Crim.P. 720(A)(3) (where a defendant does not file a post-sentence motion, a notice of appeal shall be filed within thirty days of the imposition of sentence). He thus had one year from the time his judgments of sentence became final, until February

5, 2021, to file a timely PCRA petition.[6]  42 Pa.C.S. § 9545(b)(1).  The instant petition was filed on August 30, 2021.

Given the untimeliness of the petition, it was Appellant's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).  Moreover, to invoke one of the three exceptions, which are found at 42 Pa.C.S. § 9545(b)(1)(i)-(iii), he needed to file his petition "within one year of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, Appellant argues that he met his burden for pleading the governmental interference exception at 42 Pa.C.S. § 9545(b)(1)(i), and the PCRA court should have granted him an evidentiary hearing.  Appellant's Brief at 7-10.  To plead and prove the applicability of that exception, he needed to show that "the failure to raise [his substantive claims] was the result of interference by government officials."  *Id.* at § 9545(b)(1)(i) (for an exception to the PCRA's time-bar, a petition must allege and prove, among other things,

---

[6] Due to the Covid-19 pandemic, our Supreme Court entered a series of administrative orders extending court filing deadlines.  In particular, the Supreme Court filed an emergency order which specified that "legal papers or pleadings … which are required to be filed between March 19, 2020 and May 8, 2020, generally SHALL BE DEEMED to have been filed timely if they are filed by the close of business on May 11, 2020." *In re General Statewide Judicial Emergency*, 230 A.3d 1015, 1017 (Pa., filed Apr. 28, 2020) (*per curiam*).  Those orders had no bearing on the deadline for Appellant's PCRA petition as the deadline was well beyond the cessation of the statewide judicial emergency.  *In re General Statewide Judicial Emergency*, 234 A.3d 408 (Pa., filed May 27, 2020) (declaring a cessation of the statewide judicial emergency on June 1, 2020).

that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States"). We have stated that to make a successful claim under this exception, an appellant must show a "violation of his rights under constitutional or state law." **Commonwealth v. Rizvi**, 166 A.3d 344, 348 (Pa. Super. 2017); **see also Commonwealth v. Bankhead**, 217 A.3d 1245, 1248 (Pa. Super. 2019) ("without an assertion of illegality on the part of government officers, restrictions on access to prison resources does not qualify a petition for the governmental interference exception").

Appellant made no time-bar arguments in his amended PCRA petition. In his earlier *pro se* petition, Appellant addressed the "[f]ailure being able to ask about the appeals [and] laws due to [the] Covid lockdown." *Pro Se* Second PCRA Petition, 8/30/21, § 5(ii). In his counseled response to the PCRA court's dismissal notice, he referred to an unspecified period of restricted housing while at SCI-Greene, during which he had "little, if any privileges, i.e., law library, school[,] etc.," a delay of several months for his legal mail from the Butler County Public Defender to arrive to him during the time-period for filing a timely PCRA petition, and an "extremely limited" access to information during the Covid pandemic which did not allow him to "take advantage of the prison legal clinic, go to the prison library and/or have access to jailhouse lawyers." Response to Rule 907 Notice, 2/24/22, 1-2. He acknowledged that he "eventually received the PCRA form from the law library, but with his

limited IQ, he couldn't understand the directions." *Id.* at 2. Then, he had a "jailhouse lawyer" review his case, and sent a filing to his grandmother who did not file it until "time had expired." *Id.* We find these arguments fell short of proving governmental interference for purposes of the PCRA's time-bar.

While Appellant's claim suggests that limited access to library resources and his restricted housing status frustrated any efforts to understand and invoke his rights to pursue collateral review, he does not allege that the Department of Corrections administered its library or housing policies in violation of his rights under constitutional or state law as required to prove governmental interference. We previously addressed a similar claim in *Rizvi.* In that case, the defendant contended that limited library resources and a restricted housing status while in a Virginia correctional facility constituted governmental interference. *Rizvi*, 166 A.3d at 348. In denying relief on Rizvi's claim, we relied on our Supreme Court's decision in *Commonwealth v. Albrecht*, 994 A.2d 1091, 1095 (Pa. 2010), where a defendant was claiming that the restricted status of capital inmates constituted governmental interference because that status limited the ability of such inmates to prepare *pro se* PCRA petitions. *Albrecht*, 994 A.2d at 1095; *Rizvi*, 166 A.3d at 348. In both cases, this Court and our Supreme Court held that a successful governmental interference time-bar claim based on restrictive prison conditions required the showing that the conditions were illegal because they constituted a violation of rights "under constitutional or state law." *Albrecht*, 994 A.2d at 1095; *Rizvi*, 166 A.3d at 348. Because Appellant, like the

defendants in **Rizvi** and **Albrecht**, failed to show that the conditions of his incarceration were illegal during the Covid-19 pandemic, we must reject his governmental interference claim based on his limited law library access and restrictive housing during the pandemic.

In any event, the notion that Appellant failed to timely file a PCRA petition because of prison restrictions on library access and housing quarantines during the Covid-19 pandemic is ultimately belied by the fact that Appellant filed an initial, timely PCRA petition on the last day for doing so. He crafted it as a post-sentence motion *nunc pro tunc* and withdrew it before any court action was taken on it, but the existence of that filing disproves Appellant's general assertions that he was completely deprived of the ability to pursue a timely PCRA petition due to pandemic-related prison restrictions.

Because Appellant failed to sufficiently plead his governmental interference time-bar claim and it was otherwise contradicted by his earlier filing of a timely PCRA petition, there was no jurisdiction to proceed with substantive review of his claims challenging the effectiveness of his plea counsel and his related claims that his plea was coerced. [7]

_____

[7] While we have not addressed a similar governmental interference claim concerning the pandemic-related restrictions in our published opinions, this merits holding aligns with multiple unpublished memorandum opinions from this Court that we cite below for their persuasive value pursuant to Pa.R.A.P. 126(b)(2). **Accord Commonwealth v. Miller**, 2023 WL 2489952, *6 (Pa. Super., filed Mar. 14, 2023) (unpublished memorandum cited for persuasive value) ("allegations of restrictions on access to law libraries or legal resources which do not completely prevent an inmate from preparing legal filings, do

*(Footnote Continued Next Page)*

Perhaps sensing our conclusion that the pleading burden for the governmental interference time-bar exception had not been met below, Appellant asks, "Would tolling not be permitted if the courts were closed due to natural disaster?" Appellant's Brief at 9. He then asserts that "states of emergency should not count against any legal time limits, jurisdictional or otherwise." *Id.* at 10. We are unable to entertain that argument because the period for filing a PCRA petition "is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by § 9545(b)(1)(i)-(iii)," and "a court has no authority to extend filing periods except as the [PCRA's time-limitation] statute permits." *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999).

To the extent that Appellant argues that the PCRA court erred by not granting him an evidentiary hearing to develop his governmental interference claim, we find, based on our review of the PCRA filings, that there was no

---

not satisfy the governmental interference exception"); *Commonwealth v. Lee*, 2023 WL 19249, *3-4 (Pa. Super., filed Jan. 3, 2023) (unpublished memorandum cited for persuasive value) (defendant failed to prove governmental interference based on pandemic-related restrictions on access to prison library where, *inter alia*, he failed to argue that the conditions of his incarceration were illegal); *Commonwealth v. Cruz*, 2022 WL 17687850, *3 & n.7 (Pa. Super., filed Dec. 15, 2022) (unpublished memorandum cited for persuasive value) ("even by his own representations, any restrictions in accessing the law library were limited in time, and certainly did not prevent him from timely filing his PCRA petition"); *Commonwealth v. Tierno*, 2022 WL 1154678, *3 (Pa. Super., filed Apr. 19, 2022) (unpublished memorandum cited for persuasive value) (defendant failed to plead and prove the governmental interference exception based on Covid-19 pandemic prison restrictions where he did not establish that "any purported quarantines in prison or the fact that he had Covid affected his ability to file a timely brief").

apparent genuine issue of material fact for the time-bar claim that would have been resolved by an evidentiary hearing and thus the denial of a hearing was appropriate under Pa.R.Crim.P. 907(a)(1). On appeal, Appellant alleges that a hearing would have advanced his time-bar claim as follows: "If the petitioner was granted a hearing, he could call the prison officials to testify regarding the effect of the pandemic on the operation of the prison. Petitioner could have also called court officials to testify about the closing of the courts due to the pandemic." Appellant's Brief at 10. In his filings below, however, he made no proffers concerning how he would develop his governmental interference claim through a hearing.

In his *pro se* petition, Appellant identified two possible witnesses for an evidentiary hearing but made no suggestion that those witnesses would provide any information to advance a claim for the application of a time-bar exception. *Pro Se* Second PCRA Petition, 8/30/21, § 13. He suggested that one witness would testify to the presence of other persons present with the victim on the day of the murder and that another would provide a hearsay statement of a now-deceased third-party who supposedly expressed a feeling of blame for having some type of involvement with the victim's death. ***Id.*** at § 13 and attached witness statement, 9/11/20, 1. In his amended PCRA petition and his response to the PCRA court's Rule 907 dismissal notice, he offered no discussion of the usefulness of a hearing to advance his governmental interference claim and failed to proffer any witness certifications. In the latter filing, Appellant expressed a desire for a hearing

- 14 -

but did not address the need for a hearing as follows: "The [PCRA] court did not look into the legitimacy of [Appellant's] reasons for not meeting the one-year deadline. If it had done so, the court might have made allowances for the lapse in time and awarded [him] an evidentiary hearing." Response to Rule 907 Notice, 2/24/22, 5-6.

"It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." ***Commonwealth v. Grayson***, 212 A.3d 1047, 1054 (Pa. Super. 2019) (citation omitted). In this instance, we find no error with respect to the denial of an evidentiary hearing. Unless and until Appellant proved the applicability of time-bar exception, a hypothetical hearing would have been relevant only for the purposes of showing that one of the time-bar exceptions applied. No hearing would have been necessary because, as we addressed *supra*, Appellant's governmental interference claim was insufficiently pleaded where Appellant did not allege, must less offer to prove, that the pandemic-related prison restrictions were illegal. ***See, e.g., Commonwealth v. Howard***, 285 A.3d 652, 672 (Pa. Super. 2022) ("Because we conclude that Appellant cannot possibly satisfy [a time-bar exception] based on the admissions and recommendations he cited …, we ascertain no need to remand for an evidentiary hearing."). Because Appellant failed to adequately develop his governmental interference claim and otherwise failed

to proffer any basis for concluding that a hearing would have been useful for the purpose of proving that claim, we conclude that the PCRA court properly dismissed Appellant's petition without a hearing. *See Commonwealth v. Williams*, 244 A.3d 1281, 1287 (Pa. Super. 2021) ("It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has support either in the record or other evidence.") (citation omitted).

In conclusion, Appellant failed to plead, much less prove, that his prison conditions during the Covid-19 pandemic were illegal and, as a result, he could not prove that the PCRA time-bar exception for governmental interference applied to permit review of his substantive claims. In any event, his argument for the application of that exception was contradicted by his filing of a prior timely PCRA petition. The PCRA court also acted within its discretion by dismissing his petition without a hearing where the governmental interference claim was inadequately developed and Appellant made no efforts to show that a hearing would have advanced his time-bar exception claim. Therefore, we affirm the PCRA court's dismissal of the petition.[8]

_____

[8] In its Rule 1925(a) opinion, the PCRA court advises us that it did not find that Appellant alleged and proved the applicability of any of PCRA's time-bar exceptions. PCRA Court Opinion, 6/2/22, 2. The court then proceeds to remark that Appellant's counseled petition asserted that prior counsel was ineffective for various reasons and that the governmental interference time-bar exception did not apply to the actions of defense counsel. *Id.* As noted above, we appreciate that Appellant addressed the issue of prison restrictions related to the Covid-19 pandemic in his *pro se* petition and then developed
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2023

---

his governmental interference argument concerning those restrictions in his response to the PCRA court's dismissal notice. As we distinguish that Appellant's governmental interference claim was not based on the actions of his plea counsel, we affirm on grounds not addressed in the PCRA court's opinion. **See Howard**, 285 A.3d at 657 (this Court "may affirm a PCRA court's order on any legal basis").