2019 PA Super 275

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| RASHAN LEMAR DEJARNETTE, | : | |
| Appellant | : | No. 3211 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 31, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005645-2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

OPINION BY BENDER, P.J.E.:                  **FILED SEPTEMBER 06, 2019**

Appellant, Rashan Lemar Dejarnette, appeals from the judgment of sentence of an aggregate term of 5 to 10 years' incarceration, followed by 4 years' probation, imposed after he was convicted of several offenses under 18 Pa.C.S. § 6111 (sale or transfer of firearms).  Appellant raises two challenges to the legality of the court's imposition of mandatory-minimum sentences under section 6111(h).  After careful review, we affirm.

We need not reproduce the trial court's detailed recitation of the facts of Appellant's case for purposes of this appeal.  *See* Trial Court Opinion (TCO), 1/25/19, at 1-9.  We only briefly note that the evidence presented at Appellant's trial demonstrated that he went to a gun show with several companions and made "straw purchases" of two firearms for an individual who is not legally permitted to possess a gun.  For these acts, Appellant was

convicted, following a jury trial on June 13, 2018, of two counts each of the following offenses: making materially false written statements, 18 Pa.C.S. § 6111(g)(4)(ii); firearm ownership — duty of other persons, 18 Pa.C.S. § 6111(c); tampering with public records, 18 Pa.C.S. § 4911(a)(1); and false reports to law enforcement, 18 Pa.C.S. § 4906(b)(1). The jury also found Appellant guilty of six counts of criminal conspiracy, 18 Pa.C.S. § 903.

On July 31, 2018, the court conducted Appellant's sentencing hearing, at the close of which it imposed three mandatory-minimum, five-year terms of incarceration pursuant to 18 Pa.C.S. § 6111(h) for Appellant's two counts of making materially false written statements, and one count of firearm ownership — duty of other persons. The court also sentenced Appellant to an aggregate, consecutive term of four years' probation for his remaining convictions. Appellant filed a timely post-sentence motion, which the court denied after a hearing. He then filed a timely notice of appeal, and he also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on January 25, 2019.

Herein, Appellant presents two issues for our review:

I) Whether the mandatory sentences imposed pursuant to 18 Pa.C.S. § 6111(h) for counts seventeen, eighteen, and twenty are illegal since there is insufficient evidence of record to conclude the [C]ommonwealth provided Appellant with reasonable notice, prior to trial, of its intent to pursue these enlarged penalties?

II) Whether the mandatory second-degree felony sentences imposed pursuant to 18 Pa.C.S. § 6111(h) for counts seventeen, eighteen, and twenty are illegal since the [C]ommonwealth failed

- 2 -

to charge this provision, indicate its increased grading, or specify its triggering facts in the information?

Appellant's Brief at 6 (emphasis omitted).

Both of Appellant's issues challenge the legality of the five-year, mandatory-minimum sentences imposed by the trial court pursuant to 18 Pa.C.S. § 6111(h). That provision states:

**(h) Subsequent violation penalty.--**

(1) A second or subsequent violation of this section shall be a felony of the second degree. A person who at the time of sentencing has been convicted of another offense under this section shall be sentenced to a mandatory minimum sentence of imprisonment of five years. A second or subsequent offense shall also result in permanent revocation of any license to sell, import or manufacture a firearm.

(2) Notice of the applicability of this subsection to the defendant and reasonable notice of the Commonwealth's intention to proceed under this section shall be provided prior to trial. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable.

(3) There shall be no authority for a court to impose on a defendant to which this subsection is applicable a lesser sentence than provided for in paragraph (1), to place the defendant on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

(4) If a sentencing court refuses to apply this subsection where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this subsection.

(5) For the purposes of this subsection, a person shall be deemed to have been convicted of another offense under this section whether or not judgment of sentence has been imposed for that violation.

18 Pa.C.S. § 6111(h).

In Appellant's first issue, he contends that the Commonwealth failed to provide reasonable notice of its intent to seek application of section 6111(h)(1)'s mandatory-minimum sentence. We disagree. As the trial court observes, the Commonwealth twice notified Appellant of this fact, in writing, prior to trial. First, on February 23, 2018, the Commonwealth provided, to both the court and defense counsel, a pretrial statement in which it declared its intent to seek five-year mandatory minimum sentences pursuant to 18 Pa.C.S. § 6111(h)(1). **See** TCO at 21-22; **see also** Commonwealth's Response to Defendant's Post Sentence and Supplement Post Sentence Motions (hereinafter "Commonwealth's Response"), 9/5/18, at Appendix A, pg. 2 ¶E (the Commonwealth's Pretrial Statement declaring: "The Commonwealth is seeking to impose the five (5) year minimum mandatory sentence pursuant to 18 [Pa.C.S.] § 6111[](h)(1)[.]"). Second, "the Commonwealth authored a letter to counsel for Appellant on June 12, 2018, which stated the applicable mandatory[-] minimum…." TCO at 22; **see also** Commonwealth's Response at Appendix B.[1]

---

[1] Appellant argues that we should not consider the Commonwealth's pretrial statement, or its June 12, 2018 letter to defense counsel, as they "were never docketed prior to trial…." Appellant's Brief at 16. However, nothing in section 6111(h)(2) requires the Commonwealth to *file* notice of its intent to seek the

Additionally, as the court observes, just prior to the start of trial, the Commonwealth stated on the record its intent to seek the mandatory-minimum sentence, and it also noted that it had provided defense counsel with the letter informing Appellant of this fact. *See* TCO at 22; N.T. Trial, 6/12/18, at 6 (the prosecutor's stating: "I just want the record to reflect that this is [a] mando [*sic*] case [and] I did indicate that on my pretrial statement. I have said it numerous times, [defense counsel] is aware. I just gave him a letter for the record indicating that this is a mando [*sic*] case and we do seek to pursue to the mando [*sic*] if he is convicted of multiple counts. And I have given the [c]ourt a copy [of] that letter.") TCO at 22 (quoting N.T. Trial, 6/12/18, at 6 (emphasis added)). Based on this record, we conclude that the Commonwealth provided reasonable, pre-trial notice of its intent to seek the mandatory-minimum sentences under section 6111(h)(1). Thus, Appellant's first issue is meritless.

Next, Appellant contends that his mandatory-minimum sentences are illegal because the Commonwealth failed to refer to section 6111(h)(1), or indicate the increased grading of his offenses required by that provision, in the criminal information. Appellant insists that "courts may not impose

---

mandatory-minimum sentence. Rather, the statute requires only that the Commonwealth *provide to the defendant* reasonable notice of this fact. When Appellant challenged the adequacy of the Commonwealth's notice in his post-sentence motion, the Commonwealth attached to its response the notification documents that it had provided to Appellant prior to trial. We discern nothing improper about the trial court's, or this Court's, considering those record documents in assessing the reasonableness and adequacy of the Commonwealth's notice.

enlarged penalties if the charging document fails to specify which facts support the increased range of potential sentences." Appellant's Brief at 18 (citations omitted). He complains that here, "the charging document … did not specify which facts supported enlarged sentencing[,]" and the information "did not reference [s]ection 6111(h), or explain which of the counts charged could expose [Appellant] to its five-year mandatory minimum and felony-two grading." *Id.* at 20.

In support of his argument, Appellant relies on several cases, including *Commonwealth v. Moses*, 271 A.2d 339 (Pa. 1970), *Commonwealth v. Longo*, 410 A.d 368 (Pa. Super. 1979), *Commonwealth v. Campbell*, 417 A.2d 712 (Pa. Super. 1980), and *Commonwealth v. Gibson*, 668 A.2d 552 (Pa. Super. 1995). In each of these cases, we reversed the trial court's imposition of enhanced sentences based on prior convictions that were *known* to the Commonwealth *before* it filed the criminal information. Here, however, Appellant did not have prior convictions that triggered the enhanced sentencing provisions of section 6111(h)(1) until he was convicted of the crimes alleged in *this* criminal information. As the Commonwealth explains:

> In this case, the criminal informations clearly charged [A]ppellant with multiple offenses under 18 Pa.C.S. [§] 6111[;] however, prior to trial, [A]ppellant had not yet been convicted of any offenses under that section. Therefore, there were no dates of prior convictions to set forth in a criminal information. Also, until [A]ppellant was found guilty of multiple offenses under [section] 6111, there was nothing for the trial court or [A]ppellant to be put on notice of in terms of an actual prior offense which might trigger the mandatory minimum sentencing provisions of [section] 6111(h).

Commonwealth's Brief at 24. We agree with the Commonwealth that the circumstances of this case make it distinguishable from those on which Appellant relies.

Moreover, as the Commonwealth observes, "[t]he purpose of a criminal information is to provide a defendant with timely notice of the facts and the charges against him and to provide him with the time and opportunity to prepare a defense." Commonwealth's Brief at 25 (citations omitted); *see Commonwealth v. Bickerstaff*, 204 A.3d 988, 995 (Pa. Super. 2019) ("[Informations] must be read in a common sense manner and are not to be construed in an overly technical sense. The purpose of the [information] is to provide the accused with sufficient notice to prepare a defense, and to [ensure] that he will not be tried twice for the same act.") (citation omitted). In this case, the fact invoking the application of section 6111(h)(1) — *i.e.*, Appellant's prior conviction for a crime under that section — was not an element that was required to be submitted to the fact-finder and proven beyond a reasonable doubt. *See Commonwealth v. Miller*, 102 A.3d 988, 995 n.5 (Pa. Super. 2014) (noting that the holding of *Alleyne v. United States*, 570 U.S. 99, 106 (2013), that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt does not apply to a prior conviction). Additionally, as discussed above, the Commonwealth could not have alleged the applicability of section 6111(h)(1) in the criminal information, as that provision did not apply until Appellant was convicted of the crimes charged in this case. The

Commonwealth did, however, provide reasonable notice to Appellant of its intent to invoke that mandatory-minimum sentence, were he to be convicted of multiple section 6111 offenses. Thus, although the criminal information did not reference the applicability of section 6111(h), we discern no illegality in the court's imposing Appellant's mandatory-minimum sentences under that provision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/19