J-A16021-24

2024 PA Super 167

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAYLAUN COLEMAN | : | |
| | : | |
| Appellant | : | No. 49 WDA 2024 |

Appeal from the Judgment of Sentence Entered November 17, 2023
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0001579-2018

BEFORE:  KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

OPINION BY MURRAY, J.:                          **FILED: AUGUST 5, 2024**

Jaylaun Coleman (Appellant) appeals from the judgment of sentence entered after resentencing on his guilty pleas to one count each of third-degree murder, persons not to possess firearms, and firearms not to be carried without a license, and 12 counts of recklessly endangering another person (REAP).[1]  After careful review, we affirm.

In October 2018, the Commonwealth charged Appellant with first-degree murder,[2] persons not to possess firearms, and firearms not to be carried without a license, in connection with the shooting death of Tyrone

---

[1] 18 Pa.C.S.A. §§ 2502(c), 6105(a)(1), 6106(a)(1), 2705.

[2] 18 Pa.C.S.A. § 2502(a).

Cornish, Jr.[3] Upon Appellant's request, the trial court severed the persons not to possess firearms charge from the remaining charges. On January 9, 2020, Appellant entered an open guilty plea to persons not to possess firearms. The court deferred sentencing pending disposition of the remaining charges.

Subsequently, the trial court granted the Commonwealth's unopposed motion to amend the first-degree murder charge to a third-degree murder charge, and to add 12 counts of REAP. On February 26, 2021, Appellant entered a negotiated guilty plea to one count each of third-degree murder and firearms not to be carried without a license, and 12 counts of REAP.

On June 23, 2021, the trial court sentenced Appellant, in accordance with the plea agreement, to consecutive prison terms of 20 to 40 years for his conviction of third-degree murder, 3½ to 7 years for his conviction of firearms not to be carried without a license, an aggregate 11½ to 23 years for his convictions of REAP, and 5 to 10 years for his conviction of persons not to possess firearms. The court directed the sentences to run concurrently with

_____

[3] The Commonwealth charged three additional individuals, at separate dockets, in connection with the shooting. Appellant's co-defendants are not parties to the instant appeal.

any other sentence Appellant was serving at that time.[4]  Appellant did not file a direct appeal.

On May 9, 2022, Appellant, *pro se*, filed a timely Post Conviction Relief Act (PCRA)[5] petition asserting ineffective assistance of plea counsel.  Following additional procedure not relevant to this appeal, appointed PCRA counsel filed an amended PCRA petition on Appellant's behalf.  In the amended PCRA petition, Appellant argued plea counsel was ineffective in negotiating Appellant's guilty plea, which resulted in an illegal sentence.  Amended PCRA Petition, 4/13/23, ¶ 13.  In particular, Appellant alleged:

> 19. At the time of sentencing, [the trial court] imposed the sentence as agreed to by the parties and noted specifically that "all counts shall run consecutively to one another pursuant to the sentence agreement entered into between [Appellant] and the Commonwealth; however, all counts shall run concurrent to any other outstanding sentence that [Appellant] is presently serving."
>
> 20. During the pendency of this matter, including at the time of the entry of [Appellant's] plea of guilty and his sentencing, [Appellant] was on state parole for a previous criminal conviction.
>
> 21. Pursuant to the Parole Act, 61 Pa.C.S.A. § 6138(a)(5)(i), "if a new sentence is imposed on the parole offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases: (i) if a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution."

---

[4] The trial court entered an amended sentencing order on June 28, 2021, to grant Appellant credit for time served.

[5] *See* Pa.C.S.A. §§ 9541-9546.

22. In other words, where a state parolee, such as [Appellant], receives a new state sentence, he must serve his backtime first before the commencement of the new state sentence.

23. Thus, the sentence imposed upon [Appellant], particularly that the sentences at all counts were to run concurrent to any outstanding sentence, constitutes an illegal sentence in that it is violative of the Parole Act and no statutory authorization exists for the sentence.

Amended PCRA Petition, 4/13/23, ¶¶ 19-23 (brackets and some citations omitted).[6] Appellant requested the PCRA court order withdrawal of his guilty plea and vacate the judgment of sentence. *Id.* (prayer for relief).

The Commonwealth conceded the merits of Appellant's underlying sentencing claim. The PCRA court directed the parties to file briefs addressing the proper remedy. Appellant advocated for withdrawal of his guilty plea to return the parties to their respective pre-plea positions. The Commonwealth, on the other hand, argued the court should vacate Appellant's sentence and remand for resentencing.

On October 19, 2023, the PCRA court issued the following order:

IT IS THE ORDER OF THE COURT that [Appellant's] Amended Petition for Post-Conviction Collateral Relief is GRANTED. The Sentence Order of June 23, 2021, and the Amended Sentence Order of June 28, 2021, are vacated. [Appellant] shall be scheduled for resentencing in accordance with the attached opinion….

_____

[6] "Because of the guilty plea in this case, the Pennsylvania Board of Parole revoked [Appellant's] parole in his robbery case and remanded him to a state penitentiary to serve the balance of that sentence." PCRA Court Opinion, 10/19/23, at 2 (unnumbered). The balance of Appellant's sentence was three years. N.T., 11/17/23, at 2.

Opinion and Order, 10/19/23, at 4 (unnumbered); *see also id.* at 3 (unnumbered) (directing the court on remand to sentence Appellant "to a minimum of 37 years, which accounts for the three (3) year parole hit he received."). On November 17, 2023, the trial court, on remand, sentenced Appellant to an aggregate prison term of 37 to 80 years.

On December 14, 2023, Appellant timely filed a notice of appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue for review:

> Whether the trial court erred by vacating and resentencing [Appellant] after [plea] counsel was found to be ineffective for negotiating an illegal sentence as part of a plea agreement instead of permitting [Appellant] to withdraw his guilty plea?

Appellant's Brief at 4.

Appellant claims he should have been permitted to withdraw his guilty plea. *See id.* at 10-18. According to Appellant, plea counsel and the Commonwealth "began their plea negotiations from the incorrect standpoint that [Appellant's] sentence could be served concurrently with his previously imposed sentence when it was a legal impossibility." *Id.* at 12. Appellant argues he "should be returned to the status quo prior to the entry of his guilty plea." *Id.*

The Commonwealth counters the trial court properly resentenced Appellant. Commonwealth Brief at 10. The Commonwealth argues that because the court subtracted three years from Appellant's original aggregate

sentence to account for his three-year parole violation sentence, Appellant received the benefit of his plea bargain. *Id.* The Commonwealth also points out that the parties specified during the plea hearing that Appellant agreed to an aggregate sentence of 40 to 80 years in prison. *Id.* at 11-12. Therefore, the Commonwealth asserts, "the obligations set forth in Appellant's plea agreement [were] fulfilled upon resentencing." *Id.* at 26.

Preliminarily, we observe that the PCRA court, despite stating Appellant's PCRA petition was granted, afforded Appellant relief only in the form of vacating his judgment of sentence and remanding for resentencing. The PCRA court did not grant Appellant's requested relief, *i.e.*, withdrawal of his guilty plea. **Appellant did not file an appeal from the PCRA court's order or otherwise challenge the implicit denial of his request to withdraw his guilty plea.** We further note that no outstanding petition to withdraw the guilty plea appears on the record. Thus, to the extent Appellant attempts to challenge the PCRA court's partial denial of relief, we lack jurisdiction to reconsider the PCRA court's order. *See Commonwealth v. Sepulveda*, 144 A.3d 1270, 1279 (Pa. 2016) ("Once the PCRA court renders a decision on a PCRA petition, … that matter is concluded before the PCRA court, having been fully adjudicated by that court, and the order generated is a final order that is appealable by the losing party.").

Moreover, Appellant cannot now challenge the trial court's "decision" to resentence him rather than permit a withdrawal of his plea. Indeed, the trial

court complied with the PCRA court's final order; it had no discretion to do otherwise. Appellant's claim, which appears to collaterally attack the PCRA court's order, is improper.

Thus, at this juncture, our review is limited to a determination of whether Appellant's new judgment of sentence is appropriate under plea bargaining principles.[7] Contract interpretation, including in the criminal plea-bargaining process, is a question of law. *See Commonwealth v. Kerns*, 220 A.3d 607, 612 (Pa. Super. 2019). Therefore, our standard of review is *de novo*, "and to the extent necessary, the scope of our review is plenary." *Id.*

We begin by emphasizing the importance of plea bargains in our criminal justice system:

> With respect to plea bargains, the reality of the criminal justice system is that nearly all criminal cases are disposed of by plea bargains: ninety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas. Plea bargaining is not some adjunct to the criminal justice system; it is the criminal justice system. Accordingly, it is critical that plea agreements are enforced, to avoid any possible perversion of the plea bargaining system. The disposition of criminal charges by agreement between the prosecutor and the accused, is an essential component of the administration of justice. Properly administered, it is to be encouraged. In this

---

[7] There is no dispute that the plea agreement was breached, as the Commonwealth's promise that Appellant's sentence in this case would run concurrently with his parole back time could not be fulfilled as a matter of law. *See* 61 Pa.C.S.A. § 6138(a)(5)(i) (providing that if a paroled offender commits a crime while on parole and a new sentence is imposed, "the service of the balance originally imposed by a Pennsylvania court **shall precede the commencement of the new term**[,]" when the offender was paroled from a State correctional institution and the new sentence is to be served in the State correctional institution) (emphasis added).

Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule. A "mutuality of advantage" to defendants and prosecutors flows from the ratification of the bargain.

Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. Specific enforcement of valid plea bargains is a matter of fundamental fairness. The terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to—and seek enforcement of—terms that fall outside these areas.

Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

… Regarding the Commonwealth's duty to honor plea agreements, well-settled Pennsylvania law states:

Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant to the right to trial by jury.

*Commonwealth v. Snook*, 230 A.3d 438, 444 (Pa. Super. 2020) (citation, brackets, and some ellipses omitted).

Our Supreme Court addressed a negotiated plea agreement's conflict with the Parole Act in *Commonwealth v. Zuber*, 353 A.2d 441 (Pa. 1976). Therein, the defendant entered a negotiated plea agreement, whereby, in exchange for his guilty plea, the Commonwealth would request the State

- 8 -

Board of Parole to run the defendant's new sentence (7 to 15 years in prison) concurrently with his parole back time (4½ years). *Id.* at 443. The defendant appealed, claiming his plea was induced by the Commonwealth's promise concerning back time. *Id.* The Commonwealth's promise could not be fulfilled as a matter of law, because the Parole Act required the defendant to "serve his … back time and the new sentence in consecutive order." *Id.* at 443. Accordingly, our Supreme Court concluded the defendant's plea was unknowingly and involuntarily entered. *Id.* at 444-45. The *Zuber* Court explained, "[I]t is well settled that where a plea bargain has been entered into and is violated by the Commonwealth**, the defendant is entitled at the least, to the benefit of the bargain**." *Id.* at 444 (citation, internal quotation marks, and some capitalization omitted; emphasis added). The Supreme Court agreed with the defendant that the appropriate remedy would be a reduced sentence of 2½ to 15 years in prison. *Id.* at 446. The Court remanded the matter to the trial court to impose the modified sentence, which, it reasoned, would bestow upon the defendant the benefit of his bargain. *Id.*; *see also id.* (indicating the defendant would "still serve a prison sentence commensurate with the term contemplated by all of the parties to the plea proceedings.").

Recently, in ***Commonwealth v. Gillins***, 302 A.3d 155 (Pa. Super. 2023), this Court reversed the PCRA court's conclusion that it could not consider the defendant's guilty plea challenge under contract law principles.

In *Gillins*, the defendant entered a negotiated guilty plea in exchange for a 10- to 20-year prison sentence, and an agreement that his sentence would run concurrently with the federal sentence he was then serving. *Id.* at 157. However, "unbeknownst to both parties and the trial court[,]" the federal Bureau of Prisons is not bound by state court orders directing new state sentences to run concurrently with an existing federal sentence. *Id.* at 157, 161. The trial court therefore had no authority to direct the defendant's state sentence to run concurrently with his federal sentence. *Id.* at 166; *see also id.* (noting that federal inmates may receive credit for a detention that is not credited against another sentence).

The *Gillins* Court first clarified that collateral petitions to enforce plea agreements are addressed outside the ambit of the PCRA. *Id.* at 160. Applying contract principles, this Court concluded the defendant had been deprived of the benefit of the bargain he made during his guilty plea, as he served a 20-year state sentence without receiving federal credit. *Id.* at 165. In considering the appropriate remedy, this Court stated,

> Vacatur of [the defendant's] 20-year sentence, while keeping intact his underlying state convictions, would serve the dual purpose of providing [the defendant] an opportunity to receive federal credit for his state time and otherwise retaining [the defendant's] record of conviction. In this way, the Commonwealth's plea agreement with [the defendant], as accepted by the trial court, may be effectuated to provide the benefit of the bargain struck between the parties.

*Id.* at 166. The *Gillins* Court therefore vacated the PCRA court's order, and remanded the case to the trial court to vacate the defendant's sentence but retain his underlying conviction. *Id.*

Relevant case law is clear that we must consider challenges to a plea agreement under contract law principles. *See Snook*, *supra*. It is also clear that when the Commonwealth breaches a plea agreement by virtue of a legal inability to fulfill a particular promise, the relief granted must give a defendant the benefit of his bargain. *See Zuber*, 353 A.3d at 446; *Gillins*, 302 A.2d at 166. *Cf. Commonwealth v. Lowman*, 278 A.3d 361, 368 (Pa. Super. 2022) (where trial court vacated the appellant's consecutive sentences as illegal on merger grounds, vacatur of the guilty plea was improper because the plea agreement was silent on the issue of sentencing; instead, the court should correct the sentence and leave the plea undisturbed).

Instantly, the guilty plea transcript reflects that the parties agreed to negotiated, consecutive sentences for each of the offenses to which Appellant pled guilty. *See* N.T., 2/26/21, at 6-7. As "an explicit component" of the plea agreement, the parties clarified Appellant's aggregate prison sentence would be 40 to 80 years. *Id.* at 7. Accordingly, notwithstanding the parties' shared misunderstanding that the trial court could order Appellant's new sentence to run concurrently with his back time, the record reflects that Appellant specifically agreed to serve an aggregate 40 to 80 years' imprisonment. By reducing Appellant's sentence to 37 to 80 years at resentencing, the court

appropriately accounted for the three years of back time. We therefore conclude that Appellant received the benefit of his bargain. *See Gillins*, 302 A.3d at 166; *Zuber*, 353 A.2d at 446. *See also generally Lowman*, *supra*.

For the foregoing reasons, we affirm the November 17, 2023, judgment of sentence imposed after Appellant's resentencing.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/5/2024