J-S03037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY ERIN MCCLELLAN | : | |
| | : | |
| Appellant | : | No. 629 WDA 2024 |

Appeal from the Judgment of Sentence Entered December 20, 2023
In the Court of Common Pleas of Clarion County Criminal Division at
No(s):  CP-16-CR-0000217-2022

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                          **FILED: April 22, 2025**

Jeffrey Erin McClellan ("McClellan") appeals from the judgment of sentence entered by the Clarion County Court of Common Pleas ("trial court") following his two convictions of driving under the influence ("DUI") and three summary offenses.[1]  McClellan claims that the trial court erred in denying his motion for specific performance of a plea agreement and sentenced him to an illegal sentence.  We affirm.

We glean the following relevant facts and procedural history from the certified record.  On March 20, 2022, members of the Pennsylvania State Police performed a traffic stop of McClellan's vehicle, which he was driving.

---

[1] 75 Pa.C.S. §§ 3802(c) (highest rate of alcohol), 3802(a)(1) (general impairment), 3714(a) (careless driving), 3301(a) (failure to keep right), 3309(1) (disregarding traffic lane).

Troopers arrested him and his blood test results indicated a blood alcohol content of 0.189%. The Commonwealth charged him as referenced above,[2] and on September 21, 2022, McClellan waived his right to counsel and entered pro se into a negotiated plea agreement with the Commonwealth. He agreed to plead guilty to one charge of DUI under 75 Pa.C.S. § 3802(c) as a first offense in exchange for a mandatory minimum sentence of seventy-two hours of incarceration or six months of probation with restrictive conditions (thirty days of alcohol monitoring and house arrest, to be followed by regular probation), plus a $1,000.00 fine. Plea Agreement, 9/21/2022, at 1 (unpaginated); *see also* 75 Pa.C.S. § 3804(c)(1) (stating the minimum penalties for a first offense violation of section 3802(c)). That same date, McClellan entered his guilty plea pursuant to the agreement, which the trial court accepted. The trial court deferred sentencing pending a drug and alcohol assessment and the completion of a presentence investigation ("PSI") report, and informed him that at the sentencing hearing, it would either sentence him in accordance with the plea agreement or reject it.

At the November 2, 2022 sentencing hearing, McClellan appeared pro se. The Commonwealth informed the trial court and McClellan that, based on a change in the law, McClellan's mandatory minimum sentence increased to

_____

[2] The information also charged McClellan with an additional summary offense, 75 Pa.C.S. § 4303(a) (no headlights), which was nol prossed. Order, 10/31/2023, ¶ 6; N.T., 10/31/2023, at 22.

- 2 -

ninety days of incarceration or thirty-six months of probation with restrictive conditions. This was because his DUI offense in this case was now treated as his second offense, not his first, based on his prior acceptance of Accelerated Rehabilitative Disposition ("ARD").[3] N.T., 11/2/2022, at 3-4; **see also** 75 Pa.C.S. § 3804(c)(2) (stating the minimum penalties for a second offense violation of section 3802(c)). The trial court granted McClellan's request for a continuance and rescheduled the sentencing hearing. N.T., 11/2/2022, at 5-6.

Thereafter, McClellan retained counsel and filed a motion for specific performance of the plea agreement, or alternatively, withdrawal of his guilty plea. Immediately following oral argument on February 15, 2023, the trial court denied the motion for specific performance but allowed McClellan to

---

[3] On October 4, 2022, shortly after McClellan entered into the plea agreement on September 21, 2022, an en banc panel of this Court held, in two cases filed the same day, that the portion of the DUI statute equating prior acceptance of ARD to a prior conviction for purposes of imposing a mandatory minimum sentence for a second or subsequent DUI passes constitutional muster. **Commonwealth v. Richards**, 284 A.3d 214, 219-20 (Pa. Super. 2022) (en banc), *appeal granted*, 294 A.3d 300 (Pa. 2023); **Commonwealth v. Moroz**, 284 A.3d 227, 233 (Pa. Super. 2022) (en banc); **see also** 75 Pa.C.S. § 3806(a)(1) (defining "prior offenses" to include, in relevant part, acceptance of ARD for a section 3802 violation). This represented a change in law because **Richards** and **Moroz** expressly overruled **Commonwealth v. Chichkin**, 232 A.3d 959, 968, 970-71 (Pa. Super. 2020), which had held that portion of the DUI statute was unconstitutional and, if the Commonwealth sought to enhance a DUI sentence based upon a defendant's prior ARD acceptance, it must prove beyond a reasonable doubt that the defendant actually committed the prior DUI offense. **Richards**, 284 A.3d at 216, 219-20; **Moroz**, 284 A.3d at 229, 233.

withdraw his plea. The trial court denied McClellan's subsequent motion for reconsideration. On June 14, 2023, following a hearing, the trial court denied McClellan's motion to suppress evidence found or seized during the traffic stop and his petition for writ of habeas corpus.

The matter proceeded to a one-day non-jury trial on October 31, 2023. The trial court found McClellan guilty as stated above. On December 20, 2023, the trial court sentenced him to an aggregate period of incarceration of not less than ninety days nor more than two years, less one day, plus an eighteen month license suspension and other conditions. It granted McClellan's motion for bail pending appeal and supersedeas of his license suspension. The trial court denied McClellan's post-sentence motions. This timely appeal followed.

On appeal, McClellan presents the following two issues for our review:

1. WHETHER THE TRIAL COURT ERRED IN DENYING [MCCLELLAN'S] MOTIONS FOR SPECIFIC ENFORCEMENT OF PLEA AGREEMENT?

2. WHETHER [MCCLELLAN'S] SENTENCE IS AN ILLEGAL SENTENCE?

McClellan's Brief at 3.

In his first issue, McClellan argues that the Commonwealth breached the terms of the plea agreement at the November 2, 2022 sentencing hearing by requesting McClellan be sentenced in accordance with the change in law. McClellan's Brief at 16-17. He further argues that the trial court should have granted his motion for specific performance because "'when a prosecutor is unable as a matter of law to fulfill a promise made in a plea bargain, a breach

of the plea agreement occurs that renders the defendant's guilty plea unknowing and involuntary. In this circumstance, the defendant is allowed to choose the relief awarded, that is, whether to withdraw the guilty plea or to effectuate specific performance of the plea agreement.'" ***Id.*** at 10-11, 17-18 (emphasis omitted) (quoting ***Commonwealth v. Gillins***, 302 A.3d 154, 163 (Pa. Super. 2023) (citations omitted)). He argues that, pursuant to ***Gillins***, he was entitled to choose his relief, which was specific performance of the plea agreement (i.e., for McClellan to be sentenced to seventy-two hours of incarceration or six months of probation with restrictive conditions). McClellan's Brief at 18.

"Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards." ***Commonwealth v. Coleman***, 320 A.3d 1217, 1222 (Pa. Super. 2024) (citation omitted). "Contract interpretation, including in the criminal plea-bargaining process, is a question of law." ***Id.*** (citation omitted). Thus, our standard of review is de novo and our scope of review is plenary. ***Id.*** (citation omitted).

In assessing whether a plea agreement has been breached, we consider what the parties to the agreement reasonably understood the terms to be. ***Commonwealth v. Hainesworth***, 82 A.3d 444, 447 (Pa. Super. 2013) (en banc) (citation omitted). "Such a determination is made based on the totality of the surrounding circumstances and any ambiguities in the terms of the plea

agreement will be construed against the Commonwealth." ***Id.*** (quotation marks, brackets, and citation omitted).

> Our courts have demanded strict compliance with [the Commonwealth's duty to honor plea agreements] in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant to the right to trial by jury.

***Coleman***, 320 A.3d at 1222–23 (citation and quotation marks omitted).

If "a plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement." ***Commonwealth v. Parsons***, 969 A.2d 1259, 1268 (Pa. Super. 2009) (en banc) (citations omitted). "[I]t is well settled that where a plea bargain has been entered into and is violated by the Commonwealth, the defendant is entitled, at the least, to the benefit of the bargain." ***Commonwealth v. Zuber***, 353 A.2d 441, 444 (Pa. 1976) (citation, quotation marks omitted; some capitalization altered); ***see also Gillins***, 302 A.3d at 163 (recognizing that the Commonwealth's inability, as a matter of law, to fulfill a term of a plea bargain results in a finding that it breached the plea agreement and where specific performance of the term is impossible because it cannot legally be fulfilled, a defendant must be given the benefit of his bargain or, at his election, the ability to withdraw his guilty plea).

Of course, that the parties agreed to a particular sentence or any specific terms does not bind the trial court, as the court is free to disregard the plea

agreement and sentence the defendant pursuant to its discretion. *Commonwealth v. Root*, 179 A.3d 511, 518 (Pa. Super. 2018) (citation omitted); *see also Parsons*, 969 A.2d at 1268 (stating that "the trial court has broad discretion in approving or rejecting plea agreements") (citation omitted). Indeed, "a trial court legally may impose a harsher sentence than the one agreed upon, even after accepting a plea with a negotiated sentence." *Root*, 179 A.3d 518 (citation omitted). In such circumstances, "the trial court must give the defendant the option to withdraw his plea and proceed to trial." *Id.* (citations omitted).

In analyzing McClellan's first issue, the trial court stated:

In the instant case, th[e trial] court explained that it did not intend to sentence [McClellan] pursuant to the terms of the plea agreement due to the change in applicable mandatory minimum sentence from a first offense DUI to a second offense DUI. Specifically, th[e trial] court stated, when explaining its reasons for denying [McClellan's] motion to enforce the plea agreement or, in the alternate, withdraw his guilty plea, "I'm not going to enforce a plea agreement that's contrary to the law." [N.T., 2/15/2023, at 5.] Therefore, because th[e trial] court was not willing to accept the terms of the initial plea agreement and sentence [McClellan] to the mandatory minimum sentence for a first offense DUI when in fact the offense was a second offense, just as provided in *Commonwealth v. Fazenbaker*,[4] th[e trial] court properly permitted [McClellan] to withdraw his guilty plea and proceed to trial.

---

[4] *Commonwealth v. Fazenbaker*, 375 A.2d 175, 176 (Pa. Super. 1977) (stating that "if the court decides not to accept the recommended disposition of the plea agreement it must make its decision known to the defendant and his counsel before sentencing so that the defendant has an opportunity to petition to withdraw the plea").

Trial Court Opinion, 4/30/2024, at 4-5 (unpaginated) (ellipses omitted; quotation altered to the original).[5]

The record confirms that a specific sentence was a negotiated term of the plea agreement. N.T., 9/21/2022, at 5 (trial court confirming with the parties that under the plea agreement, McClellan was to "receive the mandatory minimum sentence of seventy-two hours of incarceration, or a term of probation with restrictive conditions of six months, which would include thirty days of house arrest with [alcohol] monitoring"); *see also id.* at 8; Plea Agreement, 9/21/2022, at 1 (unpaginated). The trial court informed McClellan of the statutory maximum sentence, that it was not bound by the plea agreement, and that if it did not accept it, McClellan would be entitled to withdraw his plea:

| | |
|---|---|
| COURT: | And do you understand that the Commonwealth can only recommend a sentence to me, but the actual sentence will be my decision? |
| [] McCLELLAN: | Yes, Your Honor. |
| COURT: | Do you also understand that if I reject this recommendation, you do have an absolute right to withdraw your plea and go to trial? |
| [] McCLELLAN: | Yes, Your Honor. |

---

[5] In its opinion pursuant to Rule 1925(a) of our Rules of Appellate Procedure, the trial court indicated that it relies on the reasons set forth in its April 30, 2024 opinion. Rule 1925(a) Opinion, 6/25/2024, at 1 (unpaginated).

N.T., 9/21/2022, at 6-7. Although the trial court accepted McClellan's guilty plea, it deferred its decision on whether to accept the plea agreement's term as to sentencing, ordering a drug and alcohol assessment and PSI report, setting a separate date for sentencing, and informing McClellan that, at the sentencing hearing, he "will either be sentenced, or the Court will reject the plea." *Id.* at 7-8; *see also* Trial Court Order, 9/21/2022, at 1 (unpaginated); *Root*, 179 A.3d 511 (recognizing that the trial court's actions in informing the parties it was not bound by the plea agreement as to the agreed-upon sentence and ordering a PSI report were "wholly unnecessary unless the court was indeed considering imposition of a sentence other than the one negotiated by the parties").

At the November 2, 2022 sentencing hearing, the trial did not sentence McClellan, but rather, upon hearing from the Commonwealth that McClellan's DUI was properly treated as his second offense under *Richards* and *Moroz* and increased his mandatory minimum sentence, it granted McClellan's sixty-day continuance request to allow him to decide how he wanted to proceed.[6] N.T., 11/2/2022, at 4-5.

---

[6] At the November 2, 2022 sentencing hearing, both the Commonwealth and trial court explained that for a second DUI offense, the mandatory minimum is 90 days of incarceration or, alternatively, McClellan could be considered for probation with restrictive conditions (30 days of work release, 120 days of house arrest, and 30 days of alcohol monitoring). N.T., 11/2/2022, at 4.

As noted, McClellan thereafter retained counsel, who filed a motion for specific performance of the plea agreement, or alternatively, withdrawal of his guilty plea. At the February 15, 2023 hearing on those motions, and as stated in its opinion, the trial court denied the motion for specific performance because the agreed-upon sentence was "contrary to the law." N.T., 2/15/2023, at 5; Trial Court Opinion, 4/30/2024, at 5 (unpaginated). It permitted McClellan to withdraw his guilty plea and ordered the parties to participate in a criminal conference and file any pretrial motions. *Id.* at 5-7; *see also* Trial Court Order, 2/15/2023, at 1 (unpaginated).

While McClellan correctly cites *Gillins* as allowing a defendant to choose whether to withdraw his guilty plea or effectuate specific performance of the plea agreement, *see* McClellan's Brief at 10-11, 17-18, that choice is inapplicable here because the trial court had not yet sentenced McClellan; it was free to impose a different sentence than the one negotiated, even after it had already accepted McClellan's plea. *See Root*, 179 A.3d at 518. Because the trial court was not bound to sentence McClellan as agreed, it properly exercised its discretion to reject the agreed-upon sentence and gave McClellan the option to withdraw his plea and proceed to trial, which he did. *See id.*; *Parsons*, 969 A.2d at 1268. Accordingly, this issue merits no relief.

In his second issue, McClellan argues that his sentence is illegal because the Commonwealth failed to amend his criminal information to reflect that the instant offense was his second DUI offense and present record evidence of his

acceptance of ARD. McClellan's Brief at 19. He acknowledges on-the-record discussions regarding his instant DUI offense constituting his second offense, but contends that without record evidence of his prior offense, his sentence is illegal. *Id.* at 23.[7]

"A challenge to the legality of sentence is a question of law; our standard of review is de novo and our scope of review is plenary." *Richards*, 284 A.3d at 217 (quotation marks and citation omitted).

Rule 560 of the Pennsylvania Rules of Criminal Procedure sets forth the required contents of a criminal information. Pa.R.Crim.P. 560. "Informations must be read in a common sense manner and are not to be construed in an overly technical sense." *Commonwealth v. Bickerstaff*, 204 A.3d 988, 995 (Pa. Super. 2019) (brackets, citation, and quotation marks omitted). "The purpose of the information is to provide the accused with sufficient notice to prepare a defense, and to ensure that he will not be tried twice for the same act." *Id.* (brackets, citation, and quotation marks omitted). "A criminal information is not constitutionally infirm if it notified the defendant of the crime with which he is charged." *Id.* (citation, and quotation marks omitted).

Additionally, this Court has stated that, "[r]egarding sentencing enhancements generally, 'any fact that, by law, increases the penalty for a

---

[7] McClellan first raised the issue of an illegal sentence in his Rule 1925(b) statement; the trial court did not address it in its Rule 1925(a) opinion. A challenge to the legality of a sentence is not waivable on direct appeal. *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa. Super. 2013) (en banc).

crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.'" **Richards**, 284 A.3d at 218 (quoting **Alleyne v. United States**, 570 U.S. 99, 103 (2103)). A narrow exception to this general rule is the fact of a prior conviction. **Id.** (citing **Alleyne**, 570 U.S. at 111 n.1; **Apprendi v. New Jersey**, 530 U.S. 466 (2000)). Because, as stated above, the prior acceptance of ARD statutorily equates to a prior conviction for purposes of imposing a mandatory minimum sentence under section 3804, the Commonwealth is not required to prove beyond a reasonable doubt that the defendant actually committed the prior offense for which he accepted ARD. **Richards**, 284 A.3d at 219-20.

As discussed above, McClellan was well aware of the Commonwealth's intent to seek an enhanced sentence based on his prior ARD acceptance. **See** Defendant's Motion to Reconsider Motion for Specific Enforcement of Plea Agreement, 10/26/2023, ¶¶ 8, 13, 20-25; N.T., 2/15/2023, at 5-7; Defendant's Motion for Specific Enforcement of Plea Agreement or, in the Alternate, for Withdrawal of Guilty Plea, 2/6/2023, ¶¶ 8, 14-30; N.T., 11/2/2022, at 4-5; Trial Court Order, 11/2/2022, at 1 (unpaginated); **see also Bickerstaff**, 204 A.3d at 995. Additionally, the Commonwealth was not required to prove beyond a reasonable doubt the fact of McClellan's prior conviction, i.e., that he actually committed the prior offense for which he accepted ARD. **See Richards**, 284 A.3d at 219-20. Accordingly, we discern no illegality in the trial court's imposition of mandatory minimum sentences

pursuant to section 3804. *See Bickerstaff*, 204 A.3d at 995; *Richards*, 284 A.3d at 219-20; *see also Commonwealth v. Dejarnette*, 219 A.3d 163, 167 (Pa. Super. 2019) (holding appellant's mandatory minimum sentences were legal even though the Commonwealth failed to indicate the increased grading of his offenses in the criminal information because it provided appellant with reasonable notice thereof and the fact invoking the increased grading (Appellant's prior conviction) did not have to be proven beyond a reasonable doubt).

In support of his challenge to the Commonwealth's failure to present evidence of his acceptance of ARD at trial or sentencing, McClellan relies on Justice Mundy's Opinion in Support of Reversal in *Commonwealth v. Verbeck*, in which she stated: "The Commonwealth must still establish the existence of the prior ARD acceptance via certified records or by whatever other means of proof the Commonwealth wishes to use." McClellan's Brief at 23 (quoting *Commonwealth v. Verbeck*, 290 A.3d 260, 276 (Pa. 2023) (plurality) (Mundy, J., Opinion in Support of Reversal)).[8] *Verbeck*, however, lacks precedential value as the High Court was equally divided. *See*

_____

[8] In *Verbeck*, our Supreme Court considered whether this Court erred in holding that for DUI sentencing purposes, the defendant's conviction was a first (not second) offense based upon *Chichkin*'s holding that acceptance of ARD could not be treated as a prior conviction. *Commonwealth v. Verbeck*, 270 A.3d 1098, 1099 (Pa. 2022) (per curiam). As the High Court was evenly divided, it affirmed this Court's decision. *Verbeck*, 290 A.3d at 261 (per curiam).

*Commonwealth v. Hummel*, 295 A.3d 719, 720 n.1 (Pa. Super. 2023) (stating that a plurality decision of the Pennsylvania Supreme Court is not precedential and is not binding on future decisions of this Court).[9] Nonetheless, at the December 20, 2023 sentencing hearing, counsel for McClellan conceded that the instant DUI convictions were second offenses. N.T., 12/20/2023, at 4 (defense counsel stating "[T]his is a second offense DUI."). Accordingly, we do not find error in the trial court's imposition of mandatory minimum sentences for his second offense DUI convictions.

Because we conclude that McClellan's issues do not merit relief, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/22/2025

---

[9] We observe that although our Supreme Court granted allowance of appeal in *Richards*, no decision has been issued at the time of this writing and *Richards* and *Moroz* remain controlling precedent. *Hummel*, 295 A.3d at 720-21. Our Supreme Court granted allocatur in *Richards* to consider, in part, whether it is "unconstitutional to consider an acceptance of ARD as a prior offense for sentencing purposes without the procedural protections afforded by *Alleyne*, i.e., a prior offense can only be determined by proof beyond a reasonable doubt[.]" *Commonwealth v. Richards*, 294 A.3d 300, 300 (Pa. 2023) (per curiam); *see also Commonwealth v. Shifflett*, 316 A.3d 616, 617 (Pa. 2024) (per curiam) (granting allowance of appeal to consider the same issue as in the *Richards* grant of allowance of appeal).