J-S13036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYLER ROBERT ROZANSKI | : | |
| | : | |
| Appellant | : | No. 1015 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 10, 2024
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-CR-0000150-2023

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED: AUGUST 13, 2025**

Appellant Tyler Robert Rozanski appeals from the judgment of sentence imposed after Appellant entered a *nolo contendere* plea to one count of indecent assault.[1] Appellant argues that the trial court should have assigned the case to a new judge after the Commonwealth breached the parties' plea agreement at the sentencing hearing. For the reasons that follow, we vacate and remand for further proceedings.

We adopt the relevant procedural history as stated by the trial court:

On January [12], 2024, [Appellant] pled *nolo contendere* to one count of indecent assault, 18 Pa.C.S.[] § 3126(a)(1), a misdemeanor of the second degree, through a negotiated plea

---

[1] Our Supreme Court has explained that "[w]hen a defendant enters a plea of *nolo contendere*, he technically does not admit guilt. However, for purposes of a criminal case, a plea of *nolo contendere* is equivalent to a plea of guilty." ***Commonwealth v. Norton***, 201 A.3d 112, 114 n.1 (Pa. 2019) (citations omitted).

agreement between the Commonwealth and [Appellant's] counsel.[2] [During the plea negotiations, i]n an email exchange between counsel for the Commonwealth and counsel for [Appellant], counsel for the Commonwealth wrote, "I will not ask for a period of incarceration, but I will not specifically agree to a probationary [sentence]." *See* Ex. A to [Appellant's] Motion to Assign New Judge for Sentencing. As was stated on the record by the Commonwealth[,] "[i]f this matter were to proceed to trial, the Commonwealth would prove beyond a reasonable doubt that . . . the [Appellant] did have sexual intercourse with a minor . . . , who was [thirteen] years old at the time of the incident." . . .

A sentencing hearing was held on May 15, 2024[,] after [which Appellant] was deemed not to be a sexually violent predator. At th[at time], counsel for the Commonwealth stated she believes all sexual offenses require some type of jail time. An objection was immediately made [by Appellant's counsel] on the grounds that counsel for the Commonwealth violated the plea agreement by requesting a jail sentence. Following the objection, the Commonwealth agreed to strike her request and took a position of neutrality with respect to the incarceration. Following this,

---

[2] Appellant's written *nolo contendere* plea colloquy identified the offense to which he intended to enter a plea as "18 § 3126(a)(8)" and described this offense as "Indecent Assault person less than 16." Appellant's *Nolo Contendere* Plea Colloquy, 1/12/24, at 10. The Commonwealth, however, in its written plea agreement, identified the offense Appellant intended to plead to as "Indecent Assault, 18 Pa.C.S.A. § 3126(a)(1)." Commonwealth's *Nolo Contendere* Plea Agreement, 1/12/24, at 1. At the plea hearing on January 12, 2024, Appellant's counsel, Matthew Comerford, Esq., stated that Appellant was pleading "no contest" to having "indecent sexual contact with a thirteen-year-old when he was four or more years older." N.T., Plea Hearing, 1/12/24, at 12. The trial court accepted Appellant's *nolo contendere* plea to "indecent assault without consent of another[,]" citing 18 Pa.C.S. § 3126(a)(1). *Id.* at 21. Accordingly, it appears that a discrepancy exists in the record between the offense identified by Appellant in his written and oral colloquies, *i.e.*, 18 Pa.C.S. § 3126(a)(8), and the offense identified by the Commonwealth in its written plea agreement and stated by the trial court when it accepted Appellant's plea, *i.e.*, 18 Pa.C.S. § 3126(a)(1). We note that no party has raised this discrepancy as an issue and, further, that both subsection (a)(1) and subsection (a)(8) of the indecent assault statute are graded as misdemeanors of the second degree; therefore, this discrepancy does not implicate the grading of Appellant's offense. *See* 18 Pa.C.S. § 3126(b)(1).

[Appellant's] counsel requested a continuance to conduct research, which was granted.

Sentencing was continued to July 10, 2024. Prior to sentencing[,] on June 27, 2024, [Appellant] filed a Motion to Assign New Judge for Sentencing, which was denied by [the trial court on July 5, 2024] . . . for the following reasons:

1. At the time of [*nolo contendere*] plea, the [trial court] notes as part of its colloquy that the [trial court] is not bound by any sentencing recommendations by counsel. . . .

2. The [trial court], with respect to sentencing, relies upon an extensive [Pre-Sentence Investigation (PSI)] report that is done by the Adult Probation Department of this [trial court].

On July 10, 2024, [Appellant] was sentenced to pay the cost of prosecution, pay a fine in the amount of $500.00 and be committed to the Wyoming County Correctional Facility for a period of not less than two [] months nor more than twenty-three and half [] months.

Trial Ct. Op., 8/8/24, 1-3 (unpaginated, some citations omitted, and some formatting altered).

Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following claim:

Whether, where the Commonwealth admittedly violated their plea agreement with Appellant by advocating to the [trial] court for a prison sentence that it previously promised not to seek in order to induce Appellant to plea *nolo contendere*, the [trial] court erred in failing to assign the case to a new judge for sentencing?

Appellant's Brief at 4 (some formatting altered).

Appellant argues that the trial court erred by denying his motion to assign this matter to a new judge for sentencing. In support, Appellant

- 3 -

contends that his plea was induced by the Commonwealth's promise to "refrain from asking for a sentence of incarceration" and that, "despite this [promise], the Commonwealth . . . told the [trial] court at sentencing that this case deserves a prison sentence[.]" *Id.* at 10 (some formatting altered). Appellant notes that the Commonwealth concedes that it breached the plea agreement. *Id.* Appellant contends that, upon his motion, the trial court "had no choice but to transfer the case to a different judge for resentencing at which time the Commonwealth must remain silent," pursuant to a "litany of federal cases[,]" including *Santobello v. New York*, 404 U.S. 257 (1971), and the United States Constitution. *Id.* at 10-11.[3] Appellant further argues that the trial court's reasons for denying Appellant's motion, *i.e.*, that the trial court was not "bound by the terms of the plea agreement[]" and instead relied on the PSI in imposing sentence, are irrelevant because, "[r]egardless of

_____

[3] Appellant in his brief has failed to cite to available Pennsylvania authority in support of his argument, relying solely on decisions of the Supreme Court of the United States and the federal Courts of Appeal. While the decisions of the United States Supreme Court are binding on this Court, all other federal decisions are merely persuasive in nature. *See PennEnergy Resources, LLC v. Winfield Resources, LLC*, 294 A.3d 1205, 1220, n.16 (Pa. Super. 2023) (noting that this Court "is not bound by the decisions of federal courts, other than the United States Supreme Court . . . [H]owever, we may use them for guidance to the degree we find them useful and not incompatible with Pennsylvania law"). While Appellant has failed to cite to available Pennsylvania authority in support of his argument, we decline to find that Appellant has waived this claim pursuant to Pa.R.A.P. 2119(a) as we are able to discern Appellant's arguments. *See* Pa.R.A.P. 2119(a) (requiring an appellant's argument to provide "such discussion and citation of authorities as are deemed pertinent").

whether the [trial] court actually relied on the [Commonwealth's recommendation of incarceration], it is the appearance of harm and compromises the integrity of the judicial system." *Id.* at 11.

The Commonwealth concedes that it "made an error at the time of sentencing by advocating for a period of incarceration when the plea agreement included that the Commonwealth would not ask for a period of incarceration[]" and "agrees that this matter should be remanded to the trial court for resentencing before a new judge." Commonwealth's Letter, 1/28/25.[4]

A criminal defendant's claim that he or she did not obtain the performance bargained for in a plea agreement is a question of law to which we apply the principles of contract interpretation. *See Commonwealth v. Coleman*, 320 A.3d 1217, 1222-24 (Pa. Super. 2024) (holding that "[c]ontract interpretation, including in the criminal plea-bargaining process, is a question of law" (citation omitted)). Accordingly, "our standard of review is *de novo*[] and[,] to the extent necessary, the scope of our review is plenary." *Id.* at 1222 (citation omitted).

In reviewing the merits of such claims, this Court has stated:

> Assuming the plea agreement is legally possible to fulfill, when the
> parties enter the plea agreement and the court accepts and

---

[4] The Commonwealth took a contrary position in its answer to Appellant's motion to assign new judge, wherein it requested that the trial court deny Appellant's motion and proceed to sentencing or, in the alternative, to permit Appellant to withdraw his plea. *See* Commonwealth's Answer to Motion, 7/3/24, at 4.

approves the plea, then the parties **and the court** must abide by the terms of the agreement. . . . Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. . . . Our courts have demanded strict compliance with [the Commonwealth's] duty [to honor plea agreements.]

\* \* \*

It is well settled that where a plea bargain has been . . . violated by the Commonwealth, **the defendant is entitled[,] at the least, to the benefit of the bargain**.

*Id.* at 1222-23 (citations omitted, some formatting altered, and first emphasis added); *see also Commonwealth v. Gillins*, 302 A.3d 154, 161 (Pa. Super. 2023).

Our jurisprudence has long recognized a defendant's right to either vacate or modify a sentence stemming from the Commonwealth's . . . breach of a plea agreement.

\* \* \*

[When] a breach of the plea agreement occurs . . . **the defendant is allowed to choose the relief rewarded**, that is, whether to withdraw the guilty plea or to effectuate specific performance of the plea agreement. *See, e.g., Commonwealth v. Kroh*, [] 654 A.2d 1168, 1174 ([Pa. Super.] 1995) (acknowledging defendant had option either to withdraw guilty plea or to obtain specific performance of the plea agreement, and granting defendant's choice of specific performance); [*Commonwealth v.*] *Zuber*[, 353 A.2d 441, 445-446 (Pa. 1976)] (acknowledging option between withdrawal of plea and specific performance where legally unavailable promise of concurrent sentencing induced defendant to plead guilty; court modified sentence pursuant to defendant's request).

*Gillins*, 302 A.3d at 163 (emphasis added).[5]

Further, in *Commonwealth v. Williams*, 481 A.2d 1230 (Pa. Super. 1984), this Court considered "the kind of relief which [the defendant] should receive" where the Commonwealth had breached a plea agreement by recommending incarceration at sentencing. *Williams*, 481 A.2d at 1234. In *Williams*, although this Court credited the sentencing judge's statement that the Commonwealth's "recommendation for incarceration [] in no way influenced his sentencing decision[,]" we held that it was "immaterial whether the trial court would have been influenced by the [Commonwealth's] recommendation." *Id.* (citation omitted). The *Williams* Court also concluded that the defendant was entitled to his preferred relief, which was to

> withdraw his guilty plea and proceed to trial. . . . [I]t could be argued[, however,] that [the defendant] is entitled to receive no more than the benefit of his bargain and that was to receive a sentence with no recommendation from the Commonwealth. We

---

[5] We note that the defendant in *Gillins* first raised a claim of breach of plea agreement in his Post-Conviction Relief Act (PCRA) petition, which stated this claim in asserting an ineffective assistance of counsel claim. *Id.* at 158 (explaining that the defendant "alleged ineffective assistance of counsel, breach of his plea agreement, and an invalid guilty plea); *see also* 42 Pa.C.S. § 9541-9546. The *Gillins* Court noted that "a collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance. The [PCRA] designation of the petition does not preclude a court from deducing the proper nature of a pleading." *Id.* at 160 (citation omitted and some formatting altered). Accordingly, the portions of *Gillins* that address the relief or remedy available when the Commonwealth has breached a plea agreement are authoritative to the instant matter even though the claim in *Gillins* arose in the context of a PCRA petition rather than on direct appeal. *See id.* at 158-60.

could do that by remanding for sentencing before a different judge[.]

*Id.*

The **Williams** Court noted that "[i]n choosing a remedy, . . . a court ought to accord a defendant's preference considerable, if not controlling, weight, inasmuch as the fundamental rights flouted by a prosecutor's breach of a plea bargain are those of the defendant, not of the State." *Id.* (quoting **Santobello**, 404 U.S. at 267 (Douglas, J., concurring)); **accord United States v. Cruz**, 95 F.4th 106, 112 (3d Cir. 2024) (holding that, where the prosecution breached a plea agreement at sentencing, the remedy is to allow the defendant to "withdraw the plea or be resentenced before a different judge" (citation omitted)); **see also Commonwealth v. Martinez**, 539 A.2d 399, 404 (Pa. Super. 1988) (holding that, where the Commonwealth agreed to make no recommendation as to sentence but then recommended "a period of incarceration," the appropriate remedy was "resentencing by another judge"). Given the defendant's request, the **Williams** Court concluded that "permitting [the defendant] to withdraw his guilty pleas [was] the appropriate remedy." *Id.*

Here, the trial court acknowledged Appellant's argument that the cure "when a prosecutor breaches a plea agreement" is that the "prosecutor must fix a breach by abiding by the plea agreement." Trial Ct. Op., 8/8/24, at 3. In response, however, the trial court noted that the Commonwealth had struck the comment and explained that it denied Appellant's motion because it "relied

on the extensive [PSI] and the Sexually Violent Predator Assessment[,]" considered Appellant's "low prior record score," and, further, that Appellant's sentence "is in the standard range" of the sentencing guidelines. ***Id.***

Based on our review of the record, we conclude that it was legal error for the trial court to deny Appellant's motion to reassign for sentencing because the Commonwealth breached the plea agreement at Appellant's sentencing hearing. ***See Coleman***, 320 A.3d at 1222-23. As stated above, Appellant is entitled to the benefit of his plea bargain with the Commonwealth. ***See id.***; ***see also Gillins***, 302 A.3d at 161; ***Williams***, 481 A.2d at 1234. Whether the Commonwealth struck or retracted its statement recommending incarceration and/or whether the trial court could set aside the retracted recommendation in imposing sentence is immaterial to whether the Commonwealth deprived Appellant of the benefit of his plea bargain. ***See Williams***, 481 A.2d at 1234. For the reasons stated above, we conclude that Appellant is entitled to relief on this claim. ***See id.***; ***accord Cruz***, 95 F.4th at 112; ***see also Martinez***, 539 A.2d at 404. Further, we find no reason to deny Appellant's request to reassign this matter to a new judge for resentencing, as the Commonwealth's breach of the plea agreement violated Appellant's "fundamental rights." ***Id.*** Accordingly, we vacate Appellant's judgment of sentence and remand for resentencing before a new judge.

Judgment of sentence vacated. Case remanded for reassignment to a new judge for sentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 08/13/2025